UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
SANTANDER CONSUMER USA, INC.,
:    Case No.  7:22-CV-08870-UA
Plaintiff,
:
-against-
:
THE CITY OF YONKERS, and                    **ANSWER**
A.P.O.W. TOWING, LLC,                        :

Defendants.                :

----------------------------------------------------------X

Defendant, APOW Towing LLC, sued herein as A.P.O.W. Towing LLC, by its undersigned attorney, as and for its ANSWER to the Complaint served against it, states as follows:

**1.**    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "1" of the Complaint.

**2.**    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "2" of the Complaint.

**3.**    Denies each and every allegation set forth in Paragraph "3" of the Complaint.

**4.**    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "4" of the Complaint.

**5.**    Denies each and every allegation set forth in Paragraph "5" of the Complaint.

**6.**    Denies each and every allegation set forth in Paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "8" of the Complaint.

9.      Admits the allegations set forth in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "14" of the Complaint.

15.     Denies each and every allegation set forth in Paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "16" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

17. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "19" of the Complaint.

20. Denies each and every allegation set forth in Paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "21" of the Complaint.

22. Denies each and every allegation set forth in Paragraph "22" of the Complaint.

23. Denies each and every allegation set forth in Paragraph "23" of the Complaint.

24. Denies each and every allegation set forth in Paragraph "24" of the Complaint.

25. Denies each and every allegation set forth in Paragraph "25" of the Complaint.

26. Denies each and every allegation set forth in Paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "27" of the Complaint.

28.     Denies each and every allegation set forth in Paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "29" of the Complaint.

30.     Denies each and every allegation set forth in Paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "31" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

32.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "33" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

34.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "34" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

35.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "35" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

36.    Denies each and every allegation set forth in Paragraph "36" of the Complaint.

37.    Denies each and every allegation set forth in Paragraph "37" of the Complaint.

38.    Denies each and every allegation set forth in Paragraph "38" of the Complaint.

39.    Denies each and every allegation set forth in Paragraph "39" of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "40" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

41.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "41" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

42.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "42" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

43.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "43" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

44.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "44" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

45.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "45" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

46.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "46" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

47.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "47" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

48.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "48" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

## <u>ANSWERING THE ALLEGATIONS REGARDING COUNT I OF THE COMPLAINT</u>

**49.** Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "49" of the Complaint.

**50.** Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "50" of the Complaint.

**51.** Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "51" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**52.** Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "52" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**53.** Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "53" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**54.** Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "54" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**55.** Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "55" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**56.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "56" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**57.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "57" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**58.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "58" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**59.**    Denies each and every allegation set forth in Paragraph "59" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT II OF THE COMPLAINT

**60.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "60" of the Complaint.

**61.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "61" of the Complaint.

**62.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "62" of the Complaint as pertaining to the Defendant, Yonkers, and denies same as pertaining to Defendant, APOW.

63.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "63" of the Complaint as pertaining to the Defendant, APOW.

64.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "64" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

65.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "65" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

66.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "66" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

67.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "67" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

68.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "68" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

69.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "69" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**70.**    Denies each and every allegation set forth in Paragraph "70" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT III OF THE COMPLAINT

**71.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "71" of the Complaint.

**72.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "72" of the Complaint.

**73.**    Denies each and every allegation set forth in Paragraph "73" of the Complaint.

**74.**    Denies each and every allegation set forth in Paragraph "74" of the Complaint.

**75.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "75" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**76.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "76" of the Complaint.

**77.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "77" of the Complaint.

**78.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "78" of the Complaint.

**79.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "79" of the Complaint.

**80.**    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "80" of the Complaint.

**81.**    Denies each and every allegation set forth in Paragraph "81" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT IV OF THE COMPLAINT

**82.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "82" of the Complaint.

**83.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "83" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT V OF THE COMPLAINT

**84.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "84" of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "85" of the Complaint.

86.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "86" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

87.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "87" of the Complaint as pertaining to the Defendant, Yonkers, and admit same as pertaining to Defendant, APOW.

88.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "88" of the Complaint.

89.    Denies each and every allegation set forth in Paragraph "89" of the Complaint.

90.    Denies each and every allegation set forth in Paragraph "90" of the Complaint.

91.    Denies each and every allegation set forth in Paragraph "91" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VI OF THE COMPLAINT

92.    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "92" of the Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "93" of the Complaint.

94.    Denies each and every allegation set forth in Paragraph "94" of the Complaint.

95.    Denies each and every allegation set forth in Paragraph "95" of the Complaint.

96.    Denies each and every allegation set forth in Paragraph "96" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VII OF THE COMPLAINT

97.    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "97" of the Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "98" of the Complaint.

99.    Denies each and every allegation set forth in Paragraph "99" of the Complaint.

**100.**    Denies each and every allegation set forth in Paragraph "100" of the Complaint.

**101.**    Denies each and every allegation set forth in Paragraph "101" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VIII OF THE COMPLAINT

**102.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "102" of the Complaint.

**103.**    Denies each and every allegation set forth in Paragraph "96" of the Complaint.

**104.**    Denies each and every allegation set forth in Paragraph "104" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT IX OF THE COMPLAINT

**105.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "105" of the Complaint.

**106.**    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "106" of the Complaint.

**107.** Denies each and every allegation set forth in Paragraph "107" of the Complaint.

**108.** Denies each and every allegation set forth in Paragraph "108" of the Complaint.

**109.** Denies each and every allegation set forth in Paragraph "109" of the Complaint.

**110.** Denies each and every allegation set forth in Paragraph "110" of the Complaint.

**111.** Denies each and every allegation set forth in Paragraph "111" of the Complaint.

**112.** Denies each and every allegation set forth in Paragraph "112" of the Complaint.

**113.** Denies each and every allegation set forth in Paragraph "113" of the Complaint.

**114.** Denies each and every allegation set forth in Paragraph "114" of the Complaint.

**115.** Denies each and every allegation set forth in Paragraph "115" of the Complaint.

**116.** Denies each and every allegation set forth in Paragraph "116" of the Complaint.

117. Denies each and every allegation set forth in Paragraph "117" of the Complaint.

118. Denies each and every allegation set forth in Paragraph "118" of the Complaint.

119. Denies each and every allegation set forth in Paragraph "119" of the Complaint.

120. Denies each and every allegation set forth in Paragraph "120" of the Complaint.

121. Denies each and every allegation set forth in Paragraph "121" of the Complaint.

122. Denies each and every allegation set forth in Paragraph "122" of the Complaint.

123. Denies each and every allegation set forth in Paragraph "123" of the Complaint.

124. Denies each and every allegation set forth in Paragraph "124" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

125. The Answering Defendant acted in accordance with the proscribed law of the State of New York and the laws, rules and regulations of the City of Yonkers, and, accordingly, is not liable for the violations of any perceived or claimed rights of the Plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

126.    The alleged damages to the Plaintiff were caused in whole or part by the negligence, assumption of risk, and other culpable conduct of the Plaintiff and others, without any negligence or fault on the part of the Answering Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

127.    The Plaintiff is guilty of laches as well as unclean hands and should be equitably estopped from obtaining any relief herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

128.    All actions taken by the Answering Defendant with respect to Plaintiff were in good faith and for legitimate, non-discriminatory reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

129.    Plaintiff failed to mitigate its damages.

130.    Plaintiff's recovery is therefore barred to the extent that mitigation would have reduced or eliminated the damages claimed in the Complaint.

-17-

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**131.** The Answering Defendant did not act maliciously or with ill will toward the Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**132.** The Plaintiff has not alleged facts stating a cause of action under 42. U.S.C. Section 1983 for violation of substantive due process or other civil rights that shocks the conscience or results in the deprivation of any property rights.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**133.** Plaintiff refused to mitigate its damages.

**134.** Plaintiff's recovery is therefore barred to the extent that mitigation would have reduced or eliminated the damages claimed in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**135.** This action is frivolous under Rule 11 as Plaintiff was provided with the opportunity to retrieve any and all vehicles in the possession of Defendant, APOW, to which it claimed a security interest.

136.    That Plaintiff, through its attorney, did in fact retrieve several vehicles from the possession of APOW, but refused to retrieve the vehicle which is the subject of the instant action.

137.    By the filing of the within litigation, Plaintiff and its counsel have engaged in wrongful and vexatious litigation.

138.    As a result of the foregoing, Plaintiff and its attorney should be assessed the costs, disbursements and attorneys fees of the Defendant, APOW, in responding to the Complaint and in the handling of this action.

**WHEREFORE**, Defendant, APOW TOWING LLC, demands Judgment dismissing the action in its entirety, and imposing costs, disbursements and an award of attorneys fees against Plaintiff due to its engaging in frivolous conduct, and whatever other and further relief as to this Court is just and proper.

Dated: Yonkers, New York
      November ___||___, 2022

                  **Paul W. Meyer, Jr., Esq.**
                  Attorney for Defendant
                  APOW Towing LLC

                  _____
                  **Paul W. Meyer, Jr., Esq.** (PWM - 0270)
                  35 East Grassy Sprain Road
                  Yonkers, New York 10710
                  Telephone:   (914) 961-3000
                  Facsimile:   (914) 961-4993
                  email: paul@meyerjrlaw.com

-19-

TO:    Nicholas A. Dustos, Esq.
       Norris McLaughlin, P.A.
       Attorneys for Plaintiff
       7 Times Square
       New York, NY 10038


       Harris Beach
       Attorneys for Defendant
       City of Yonkers
       445 Hamilton Avenue
       Suite 1206
       White Plains, New York 10601

Case No.  7:22-CV-08870-UA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTANDER CONSUMER USA, INC.,

        Plaintiff,

    -against-

THE CITY OF YONKERS, and
A.P.O.W. TOWING LLC,

        Defendants.

## ANSWER

_____
*PAUL W. MEYER, JR., ESQ.*
*Attorney for Defendant*
*A.P.O.W. Towing LLC*
*35 East Grassy Sprain Road*
*Yonkers, New York  10710*
*(914)  961-3000*

**PLEASE TAKE NOTICE**

Notice of Entry

/    / that the within is a (certified) true copy of a        entered in the Office of the
    Clerk of the within named Court on

Notice of Settlement

/    / that the        of which the within is a true copy will  be  presented
    for settlement to one of  the justices of the within named Court,

        *PAUL W. MEYER, JR., ESQ.*
        *Attorney for Defendant*
        *A.P.O.W. Towing LLC*
        *35 East Grassy Sprain Road*
        *Yonkers, New York  10710*
        *(914) 961-3000*