UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
SANTANDER CONSUMER USA, INC.,      :   Case No.  7:22-CV-08870-UA

        Plaintiff,       :

      -against-      :   **AMENDED**

THE CITY OF YONKERS, and      **ANSWER**
A.P.O.W. TOWING, LLC,      :

      Defendants.     :

----------------------------------------------------------X

Defendant, APOW Towing LLC, sued herein as A.P.O.W. Towing LLC (hereinafter referred to as "APOW") by its undersigned attorney, as and for its ANSWER to the Complaint served against it, states as follows:

1.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "1" of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "2" of the Complaint.

3.    Denies each and every allegation set forth in Paragraph "3" of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "4" of the Complaint.

5.    Denies each and every allegation set forth in Paragraph "5" of the Complaint.

6.    Denies each and every allegation set forth in Paragraph "6" of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "7" of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "8" of the Complaint.

9.    Admits the allegations set forth in paragraph "9" of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "10" of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "11" of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "12" of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "13" of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "14" of the Complaint.

15.    Denies each and every allegation set forth in Paragraph "15" of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "16" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

-2-

17.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "17" of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "18" of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "19" of the Complaint.

20.    Denies each and every allegation set forth in Paragraph "20" of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "21" of the Complaint.

22.    Denies each and every allegation set forth in Paragraph "22" of the Complaint.

23.    Denies each and every allegation set forth in Paragraph "23" of the Complaint.

24.    Denies each and every allegation set forth in Paragraph "24" of the Complaint.

25.    Denies each and every allegation set forth in Paragraph "25" of the Complaint.

26.    Denies each and every allegation set forth in Paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "27" of the Complaint.

28.     Denies each and every allegation set forth in Paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "29" of the Complaint.

30.     Denies each and every allegation set forth in Paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "31" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

32.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "33" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

34.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "34" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

35. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "35" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

36. Denies each and every allegation set forth in Paragraph "36" of the Complaint.

37. Denies each and every allegation set forth in Paragraph "37" of the Complaint.

38. Denies each and every allegation set forth in Paragraph "38" of the Complaint.

39. Denies each and every allegation set forth in Paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "40" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

41. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "41" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

42. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "42" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**43.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "43" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**44.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "44" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**45.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "45" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**46.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "46" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**47.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "47" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**48.**     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "48" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

## ANSWERING THE ALLEGATIONS REGARDING COUNT I OF THE COMPLAINT

49.    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "49" of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "50" of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "51" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

52.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "52" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

53.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "53" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

54.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "54" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

55.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "55" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**56.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "56" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**57.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "57" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**58.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "58" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

**59.**    Denies each and every allegation set forth in Paragraph "59" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT II OF THE COMPLAINT

**60.**    Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "60" of the Complaint.

**61.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "61" of the Complaint.

**62.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "62" of the Complaint as pertaining to the Defendant, Yonkers, and denies same as pertaining to Defendant, APOW.

**63.**    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "63" of the Complaint as pertaining to the Defendant, APOW.

64.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "64" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

65.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "65" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

66.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "66" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

67.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "67" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

68.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "68" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

69.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "69" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

70.    Denies each and every allegation set forth in Paragraph "70" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT III OF THE COMPLAINT

71. Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "71" of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "72" of the Complaint.

73. Denies each and every allegation set forth in Paragraph "73" of the Complaint.

74. Denies each and every allegation set forth in Paragraph "74" of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "75" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

76. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "76" of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "77" of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "78" of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "79" of the Complaint.

80.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "80" of the Complaint.

81.   Denies each and every allegation set forth in Paragraph "81" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT IV OF THE COMPLAINT

82.   Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "82" of the Complaint.

83.   Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "83" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT V OF THE COMPLAINT

84.   Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "84" of the Complaint.

85.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "85" of the Complaint.

86.   Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "86" of the Complaint as pertaining to the Defendant, Yonkers, and deny same as pertaining to Defendant, APOW.

87.   Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph "87" of the Complaint as pertaining to the Defendant, Yonkers, and admit same as pertaining to Defendant, APOW.

**88.**   Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "88" of the Complaint.

**89.**   Denies each and every allegation set forth in Paragraph "89" of the Complaint.

**90.**   Denies each and every allegation set forth in Paragraph "90" of the Complaint.

**91.**   Denies each and every allegation set forth in Paragraph "91" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VI OF THE COMPLAINT

**92.**   Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "92" of the Complaint.

**93.**   Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "93" of the Complaint.

**94.**   Denies each and every allegation set forth in Paragraph "94" of the Complaint.

**95.**   Denies each and every allegation set forth in Paragraph "95" of the Complaint.

**96.**   Denies each and every allegation set forth in Paragraph "96" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VII OF THE COMPLAINT

97.     Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "97" of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "98" of the Complaint.

99.     Denies each and every allegation set forth in Paragraph "99" of the Complaint.

100.     Denies each and every allegation set forth in Paragraph "100" of the Complaint.

101.     Denies each and every allegation set forth in Paragraph "101" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT VIII OF THE COMPLAINT

102.     Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "102" of the Complaint.

103.     Denies each and every allegation set forth in Paragraph "96" of the Complaint.

104.     Denies each and every allegation set forth in Paragraph "104" of the Complaint.

## ANSWERING THE ALLEGATIONS REGARDING COUNT IX OF THE COMPLAINT

**105.**   Defendant repeats and realleges each aforesaid admission and denial as pertaining to Paragraph "105" of the Complaint.

**106.**   Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "106" of the Complaint.

**107.**   Denies each and every allegation set forth in Paragraph "107" of the Complaint.

**108.**   Denies each and every allegation set forth in Paragraph "108" of the Complaint.

**109.**   Denies each and every allegation set forth in Paragraph "109" of the Complaint.

**110.**   Denies each and every allegation set forth in Paragraph "110" of the Complaint.

**111.**   Denies each and every allegation set forth in Paragraph "111" of the Complaint.

**112.**   Denies each and every allegation set forth in Paragraph "112" of the Complaint.

**113.**   Denies each and every allegation set forth in Paragraph "113" of the Complaint.

**114.**   Denies each and every allegation set forth in Paragraph "114" of the Complaint.

115.    Denies each and every allegation set forth in Paragraph "115" of the Complaint.

116.    Denies each and every allegation set forth in Paragraph "116" of the Complaint.

117.    Denies each and every allegation set forth in Paragraph "117" of the Complaint.

118.    Denies each and every allegation set forth in Paragraph "118" of the Complaint.

119.    Denies each and every allegation set forth in Paragraph "119" of the Complaint.

120.    Denies each and every allegation set forth in Paragraph "120" of the Complaint.

121.    Denies each and every allegation set forth in Paragraph "121" of the Complaint.

122.    Denies each and every allegation set forth in Paragraph "122" of the Complaint.

123.    Denies each and every allegation set forth in Paragraph "123" of the Complaint.

124.    Denies each and every allegation set forth in Paragraph "124" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**125.** The Answering Defendant acted in accordance with the proscribed law of the State of New York and the laws, rules and regulations of the City of Yonkers, and, accordingly, is not liable for the violations of any perceived or claimed rights of the Plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**126.** The alleged damages to the Plaintiff were caused in whole or part by the negligence, assumption of risk, and other culpable conduct of the Plaintiff and others, without any negligence or fault on the part of the Answering Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**127.** The Plaintiff is guilty of laches as well as unclean hands and should be equitably estopped from obtaining any relief herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**128.** All actions taken by the Answering Defendant with respect to Plaintiff were in good faith and for legitimate, non-discriminatory reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**129.** Plaintiff failed to mitigate its damages.

**130.** Plaintiff's recovery is therefore barred to the extent that mitigation would have reduced or eliminated the damages claimed in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**131.** The Answering Defendant did not act maliciously or with ill will toward the Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**132.** The Plaintiff has not alleged facts stating a cause of action under 42. U.S.C. Section 1983 for violation of substantive due process or other civil rights that shocks the conscience or results in the deprivation of any property rights.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**133.** Plaintiff refused to mitigate its damages.

**134.** Plaintiff's recovery is therefore barred to the extent that mitigation would have reduced or eliminated the damages claimed in the Complaint.

-17-

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

135.    This action is frivolous under Rule 11 as Plaintiff was provided with the opportunity to retrieve any and all vehicles in the possession of Defendant, APOW, to which it claimed a security interest.

136.    That Plaintiff, through its attorney, did in fact retrieve several vehicles from the possession of APOW, but refused to retrieve the vehicle which is the subject of the instant action.

137.    By the filing of the within litigation, Plaintiff and its counsel have engaged in wrongful and vexatious litigation.

138.    As a result of the foregoing, Plaintiff and its attorney should be assessed the costs, disbursements and attorneys fees of the Defendant, APOW, in responding to the Complaint and in the handling of this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

139.    Any liability and/or recovery against Defendant APOW herein, shall be limited pursuant to the provisions of Article 16 of the CPLR.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

140.    Upon information and belief, any injuries or damages alleged to have been sustained by Plaintiff were caused in whole or in part by the negligence or other wrongful conduct of the Plaintiff or others, including, but not limited to, contributory negligence

and/or comparative negligence and were not the result of any negligence on the part of the answering Defendant, APOW, and the Defendant, APOW, therefore, requests that this Court determine the proportionate share of such culpable conduct as it contributed in whole or in part to the incident and the damages claimed by the Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**141.**    The claims of the Plaintiff are barred by operation of the Statute of Limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**142.**    In the event Plaintiff recovers a verdict or judgment against this answering Defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been paid to Plaintiff, or will with reasonable certainty replace or indemnify Plaintiff, in whole or in part, for any part or future claimed economic loss from any collateral source whatsoever.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

**143.**    The answering Defendant, APOW, did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and the Defendant, APOW, had an objectively reasonable belief that its conduct did not violate Plaintiff's rights.

-19-

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

**144.**    The Plaintiff has not alleged facts stating a cause of action under 42. U.S.C. Section 1983 for violation of substantive due process or other civil rights that shocks the conscience or results in the deprivation of any property rights.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

**145.**    The proximate cause of any damages sustained by the Plaintiff was the Plaintiff providing a loan to the individual referred to in the Complaint as "Shamar R. Turner" for the subject vehicle, which loan Plaintiff knew or should have known would likely not be paid so as causing a default and the ultimate repossession of this subject vehicle.

**146.**    By reason of the foregoing, the claims of the Plaintiff are barred by the lending policies, practices and assumption of risk of default which Plaintiff knew regarding this loan.

**WHEREFORE**, Defendant, APOW TOWING LLC, demands Judgment dismissing the action in its entirety, and imposing costs, disbursements and an award of attorneys fees against Plaintiff due to its engaging in frivolous conduct, and whatever other and further relief as to this Court is just and proper.

Dated: Yonkers, New York
      November _18_, 2022

                        **Paul W. Meyer, Jr., Esq.**
                        Attorney for Defendant
                        APOW Towing LLC

                        _____
                        **Paul W. Meyer, Jr., Esq.** (PWM - 0270)
                        35 East Grassy Sprain Road
                        Yonkers, New York 10710
                        Telephone:   (914) 961-3000
                        Facsimile:    (914) 961-4993
                        email: paul@meyerjrlaw.com

TO:   Nicholas A. Dustos, Esq.
       Norris McLaughlin, P.A.
       Attorneys for Plaintiff
       7 Times Square
       New York, NY 10038

       Harris Beach
       Attorneys for Defendant
       City of Yonkers
       333 Earle Ovington Blvd.
       Suite 901
       Uniondale, New York 11553