UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTANDER CONSUMER USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF YONKERS and A.P.O.W. TOWING, LLC,<br><br>Defendants. | Civil Case No.: 7:22-cv-08870-KMK<br><br>**DECLARATION OF ALEXANDER R. SOKOLOF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

ALEXANDER R. SOKOLOF, of full age, hereby declares as follows,

1. I am an associate with the firm of Norris McLaughlin, P.A., attorneys for Santander Consumer USA, Inc. ("Santander"), the plaintiff in the above-referenced case against defendants The City of Yonkers ("Yonkers") and A.P.O.W. Towing, LLC ("APOW," and together with Yonkers, "Defendants"). I make this affidavit in support of Santander's motion for leave to amend its Complaint to add Yonkers Towing & Recovery LLC ("YTR," and together with APOW, the "Tow Companies") as a direct defendant in this matter. I am familiar with the facts and circumstances in this action.

2. On April 23, 2021, Santander entered into a Retail Installment Contract with Shamar Turner for the purchase of a 2018 Land Rover bearing the Vehicle Identification Number SALVP2RX8JH267217 (the "Vehicle"). A true and correct copy of the Retail Installment Contract, signed April 23, 2021, is attached hereto as **Exhibit A**.

3. As evidenced by the printout titled "Santander Consumer USA Inc. Lien and Title Information" that Collateral Management Services keeps in its regular course of business, Santander perfected a lien on the vehicle on June 9, 2021. A true and correct copy of the printout

titled "Santander Consumer USA Inc. Lien and Title Information" is attached hereto as **Exhibit B**.

4. On August 6, 2021, Santander received a letter notifying it that on June 16, 2021, the Vehicle "was towed by APOW Towing under the direction of the Yonkers PD." A true and correct copy of APOW's correspondence, dated July 13, 2021, is attached hereto as **Exhibit C**.

5. On Jan. 5, 2022, APOW advised by phone that the Vehicle would not be released to Santander unless it paid APOW around $7,700 and provided APOW with a hold harmless agreement. The parties later exchanged email correspondence confirming APOW's demand. A true and correct copy of the email correspondence between Santander's counsel and APOW's counsel, beginning Jan. 7, 2022, and ending Feb. 24, 2022, is attached hereto as **Exhibit D**.

6. Santander filed the complaint in this action on Oct. 18, 2022 (the "Complaint"), alleging Defendants' regular policy or custom for handling seized motor vehicles systematically deprives lienholders in those vehicles of their constitutional rights, specifically, the right to be free of unreasonable seizure and the right to be free of deprivations of property without due process of law. A true and accurate copy of the original Complaint is annexed hereto as **Exhibit E** and incorporated by reference. A true and accurate copy of the proposed amended complaint (the "PAC"), along with a redline showing the difference between the PAC and Complaint, are annexed hereto as **Exhibit F** and incorporated by reference.

7. Yonkers filed an answer Nov. 15, 2022.

8. APOW filed its amended answer Nov. 19, 2022, wherein APOW denied, among other allegations, that it "holds a contract whereby it regularly tows vehicles at the direction of police within a set geographical location and APOW towed the Subject Vehicle under such contract." A true and correct copy of APOW's answer is annexed hereto as **Exhibit G**.

9. On Feb. 24, 2023, Santander served on Defendants interrogatories, requests for admissions, and requests for production. APOW responded on March 8, 2023. APOW denied, among other requests, that it "tows motor vehicles pursuant to a contract (or contracts) between APOW and Yonkers wherein APOW provides towing services to, and at the request of, Yonkers Police Department." A true and correct copy of APOW's response to Santander's request for admissions is attached hereto as **Exhibit H**.

10. On April 4, 2023, Yonkers served its production in response to Santander's request for production of documents. Included in its production was a contract between Yonkers and APOW, dated Feb. 1, 2020 (the "Contract"), whereby APOW agreed to tow and store vehicles at the direction of Yonkers. A true and correct copy of APOW's response to Santander's request for production of documents is attached hereto as **Exhibit I**.

11. Also included in Yonkers' production was an assignment between Yonkers, APOW, and YTR, executed on or around Dec. 11, 2020 (the "Assignment"), whereby APOW assigned the Contract over to YTR. A true and correct copy of the Assignment is attached hereto as **Exhibit J**.

12. Despite serving a request for production on APOW seeking "All Documents and Communications Referring to or Relating to any contract between Yonkers and APOW Relating to the towing and/or storage of motor vehicles which was effective on or about June 15, 2021," APOW did not produce either the Contract or the Assignment.

13. As a result of the information revealed in discovery regarding the discrepancy between what APOW is now denying with regard to the tow and storage of the Vehicle and its relationship with Yonkers and what it claimed prior to and at earlier stages in this litigation, Santander seeks to amend its complaint to add YTR as a defendant.

14. As discovery is not complete, Defendants Yonkers and APOW will suffer no prejudice if Plaintiff is permitted to amend the Complaint. Although written discovery has been exchanged, no depositions have been taken to date.

15. To the extent that several discovery deadlines have already passed, Santander states that any prejudice will be mitigated by the fact that the difference between the Complaint and the PAC is minimal. The only difference is that YTR will be added, and any and all reference to APOW therein will be changed to "Tow Defendants" to include YTR. Similarly, all of the discovery devices served on APOW thus far will be served on the "Tow Defendants", jointly and severally.

WHEREFORE, I respectfully request that Santander be granted leave to file an Amended Complaint, and for other such relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Dated: New York, New York
       May 12, 2023

                                            */s/ Alexander R. Sokolof*
                                            Alexander R. Sokolof, Esq.