UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTANDER CONSUMER USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF YONKERS and A.P.O.W. TOWING, LLC,<br><br>Defendants. | Civil Case No.: 7:22-cv-08870-KMK |

**PLAINTIFF SANTANDER CONSUMER USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15 AND EXTEND DISCOVERY DEADLINES**

**NORRIS McLAUGHLIN, P.A.**

Alexander Ryan Sokolof
Nicholas A. Duston
7 Times Square, 21st Floor
New York, New York 10036
(212) 808-0700
arsokolof@norris-law.com
naduston@norris-law.com

*Attorneys for Plaintiff*
*Santander Consumer USA, Inc.*

# **TABLE OF CONTENTS**

                                                  **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT    LEAVE TO AMEND THE COMPLAINT TO NAME YONKERS TOWING & RECOVERY LLC AS AN ADDITIONAL DEFENDANT SHOULD BE GRANTED ............................................................................................................... 4

        A.     Defendants will not be prejudiced ........................................................... 6

        B.     There has been no undue delay .............................................................. 8

        C.     The amendment is not futile. .................................................................. 8

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page**

## **FEDERAL CASES**

*Agerbrink v. Model Service LLC*,
  155 F.Supp.3d 448 (S.D.N.Y. 2016)..................................................................................4, 6, 8

*Bey v. Due*,
  No.19-cv-00239 (JDK), 2019 WL 5061183 (E.D. Tex. Sept. 18, 2019)..................................9

*Dardashtian v. Gitman*,
  No. 17 CIV. 4327 (LLS), 2017 WL 6398718 (S.D.N.Y. Nov. 28, 2017) ...............................11

*Foster v. City of Philadelphia*,
  2014 WL 5821278 (E.D. Pa. Nov. 10, 2014) ..........................................................................9

*Grochowski v. Phoenix Const.*,
  318 F.3d 80 (2d Cir. 2003)........................................................................................................5

*Huemmer v. Mayor & City Council of Ocean City*,
  632 F.2d 371 (4th Cir. 1980) ....................................................................................................9

*HVT, Inc. v. Port Auth. of NY & NJ*,
  No. 15-cv-5867(MKB)(VMS), 2018 WL 3134414 (E.D.N.Y. Feb. 15, 2018) ........................9

*Kroshnyi v. U.S. Pack Courier Services, Inc.*,
  771 F.3d 93 (2d Cir. 2014).......................................................................................................4

*Lee v. NNAMHS*,
  2007 WL 2462616 (D. Nev. Aug. 28, 2007) ...........................................................................9

*McCormick v. Spano*,
  No. 19-CV-2916 (KMK), 2021 WL 6052161 (S.D.N.Y. Dec. 20, 2021) ...............................4

*Miller v. Sanofi Consumer Healthcare*,
  No. 22 CIV. 574 (LLS), 2023 WL 112553 (S.D.N.Y. Jan. 5, 2023).......................................11

*Monahan v. New York City Department of Corrections*,
  214 F.2d 275 (2d Cir. 2000).....................................................................................................6

*Oneida Indian Nation of New York State v. County of Oneida*,
  199 F.R.D. 61 (N.D.N.Y. 2000)................................................................................................6

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000)..................................................................................................5, 8

*Santander Consumer USA, Inc. v. City of Yonkers* (hereinafter, "*Mensah*"),
  2022 WL 4134718 (S.D.N.Y. Sept. 12, 2022)....................................................................9, 10

*Smith v. Insley's Inc.*,
    499 F.3d 875 (8th Cir. 2007) ..................................................................................................9

*State Teachers Retirement Board v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ...................................................................................................8

*Stypmann v. City of San Francisco*,
    557 F.2d 1338 (9th Cir.1977) ................................................................................................9

*Tedeschi v. Blackwood*,
    410 F. Supp. 34 (D. Conn. 1976) ..........................................................................................9

*W. Funding, Inc. v. S. Shore Towing, Inc.*,
    No. 19-cv-12853(FLW)(TJB), 2021 WL 1399798 (D.N.J. Apr. 14, 2021) ............................9

## STATE CASES

*Reif v. Nagy*,
    61 Misc. 3d 319, 80 N.Y.S.3d 629 (N.Y. Sup. Ct. 2018), *aff'd as modified*,
    175 A.D.3d 107, 106 N.Y.S.3d 5 (2019) ............................................................................10

## FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................................................................................9, 10

## STATUTES

New York State General Obligations Law 349 ............................................................................11

## RULES

F.R.C.P. Rule 20 ...............................................................................................................................4

Federal Rule of Civil procedure 16 ...............................................................................................4

Federal Rules of Civil Procedure Rule 15 ................................................................................4, 6

Federal Rules of Civil Procedure Rules 15, 16, and 21 ................................................................1

Federal Rules of Civil Procedure Rule 21 ....................................................................................4

FRCP 12(b)(6) .............................................................................................................................8, 12

Rule 15(a) ..........................................................................................................................................4

Rule 16(b) ..........................................................................................................................................5

## CONSTITUTIONAL PROVISIONS

Fourth Amendment ..................................................................................................................1

Fourteenth Amendment ...........................................................................................................1

New York State Constitution .................................................................................................10

Plaintiff Santander Consumer USA, Inc. ("Santander") respectfully submits this memorandum of law; the accompanying Declaration of Alexander Ryan Sokolof, Esq., sworn to on May 12, 2023 ("Sokolof Dec."); the exhibits attached thereto; and all prior pleadings and proceedings in this action, in support of its motion for an Order granting Plaintiff leave to file and serve an amended complaint (attached as Exhibit F to the Sokolof Dec.), adding Yonkers Towing & Recovery LLC ("YTR") as an additional defendant, pursuant to Rules 15, 16, and 21 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This action is about whether Defendant The City of Yonkers's ("Yonkers"), Defendant A.P.O.W. Towing, LLC's ("APOW"), and non-party/Proposed Defendant YTR's (together with APOW, the "Tow Companies", and together with Yonkers and APOW, "Defendants") regular policy or custom for handling seized motor vehicles systematically deprives lienholders, and others, of their constitutional rights in those vehicles. Specifically, the case addresses the right to be free of unreasonable seizure and the right to be free of deprivations of property without due process of law. The allegations of the amended complaint are direct, meet the standard for pleading constitutional violations in a manner that satisfies the facial-plausibility pleading standard, and are based on long-settled precedent regarding Santander's Fourth and Fourteenth Amendment rights. Amending the complaint will therefore not be futile, and should be permitted.

During the pendency of this matter, discovery revealed that APOW, who had a contract with Yonkers to tow and store vehicles on behalf of Yonkers dated Feb. 1, 2020 (the "Contract"), had assigned its contract to another entity, YTR, via an Assignment Agreement also dated Feb. 1, 2020 (the "Assignment"). Yonkers' documents indicate that APOW towed the vehicle in question, but the Assignment predates the towing of this vehicle. APOW refused to provide discovery in

1

this action by claiming a lack of knowledge regarding the towing of the subject vehicle, but also failed to even produce the Assignment—which was obtained from Yonkers—or explain why some of Yonkers' documents indicate APOW, and not YTR, towed the vehicle. Without an amendment to add YTR, the Court cannot fully adjudicate liability in this matter or sort out the discrepancy regarding whether APOW or YTR towed the vehicle (or whether they are one and the same entity). Based solely on the Assignment, Santander has a good faith basis to proceed against *both* YTR and APOW, given that the Assignment was signed by the same person, Harold Wustenhoefer, on behalf of both YTR and APOW. YTR should be added to the complaint to ensure that the Tow Companies' liability will be fully adjudicated to ensure that justice will be afforded properly and effectively.

## STATEMENT OF FACTS

On April 23, 2021, Santander entered into a Retail Installment Contract with Shamar Turner for the purchase of a 2018 Land Rover bearing the Vehicle Identification Number SALVP2RX8JH267217 (the "Vehicle"). Sokolof Dec. ¶ 2, Exhibit A. Santander perfected a lien on the vehicle on June 9, 2021. Sokolof Dec. ¶ 3, Exhibit B. On August 6, 2021, Santander received a letter notifying it that on June 16, 2021, the Vehicle "was towed by APOW Towing under the direction of the Yonkers PD." Sokolof Dec. ¶ 4, Exhibit C. On Jan. 5, 2022, APOW advised that the Vehicle would not be released to Santander unless it paid APOW around $7,700 and provided APOW with a hold harmless agreement. Sokolof Dec. ¶ 5, Exhibit D.

Santander filed the complaint in this action on Oct. 18, 2022 (the Complaint), alleging Defendants' regular policy or custom for handling seized motor vehicles systematically deprives lienholders in those vehicles of their constitutional rights, specifically the right to be free of

2

unreasonable seizure and the right to be free of deprivations of property without due process of law. Dec. ¶ 6, Exhibit E.

Yonkers filed an answer Nov. 15, 2022. Dec. ¶ 7. APOW filed its amended answer Nov. 19, 2022, denying, among other allegations, that it "holds a contract whereby it regularly tows vehicles at the direction of police within a set geographical location and APOW towed the Subject Vehicle under such contract." Dec. ¶ 8, Exhibit G.

On Feb. 24, 2023, Santander served interrogatories, requests for admissions, and requests for production on Defendants. Dec. ¶ 9. APOW responded on March 8, 2023. *Id*. APOW denied, among other requests, that it "tows motor vehicles pursuant to a contract (or contracts) between APOW and Yonkers wherein APOW provides towing services to, and at the request of, Yonkers Police Department." *Id*. at Exhibit H.

On April 4, 2023, Yonkers served its production in response to Santander's request for production of documents. Included in its production was a contract between Yonkers and APOW, dated Feb. 1, 2020 (the "Contract"), whereby APOW agreed to tow and store vehicles at the direction of Yonkers. Dec. ¶ 10, Exhibit I. Also included in Yonkers' production was an assignment between Yonkers, APOW, and YTR, executed on or around Dec. 11, 2020 (the "Assignment"), whereby APOW assigned the Contract over to YTR. Dec. ¶ 11, Exhibit J.

Despite Santander's request for production on APOW, seeking "Documents. . . Relating to any contract between Yonkers and APOW Relating to the towing and/or storage of motor vehicles. . .," **APOW produced neither the contract nor Assignment,** even if only to support its denial of knowledge on the basis of the Assignment to YTR.

The discrepancy between documents indicating APOW towed the car and those indicating that YTR was the contracted party at the relevant time requires that the complaint be amended to

3

include both towing companies, so that liability may be fully adjudicated. Therefore, Santander seeks to amend its complaint to add YTR as a defendant.

## ARGUMENT

### LEAVE TO AMEND THE COMPLAINT TO NAME YONKERS TOWING & RECOVERY LLC AS AN ADDITIONAL DEFENDANT SHOULD BE GRANTED

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "The court should freely give leave as justice so requires." It is well-settled in the Second Circuit that leave to amend should be freely granted. *Kroshnyi v. U.S. Pack Courier Services, Inc.*, 771 F.3d 93, 109 (2d Cir. 2014). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Service LLC*, 155 F.Supp.3d 448, 452 (S.D.N.Y. 2016). Rule 21 of the Federal Rules of Civil Procedure permits the plaintiff to add an additional defendant, and "the same standard of liberality afforded to motions to amend pleadings under Rule 15" is applied in deciding whether to permit joinder under Rule 21. *Id.* (internal citation omitted). Rule 20 also permits joinder of a defendant if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." F.R.C.P. Rule 20. Accordingly, Santander's motion to amend the Complaint to add YTR should be granted.

"Pursuant to Federal Rule of Civil procedure 16, '[w]hen there is a scheduling order in effect . . . deadlines for amendment of pleadings 'may be modified only for good cause and with the judge's consent.'" *McCormick v. Spano*, No. 19-CV-2916 (KMK), 2021 WL 6052161, at *2 (S.D.N.Y. Dec. 20, 2021) (internal citation omitted). In such circumstances, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against

4

the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citing Fed.R.Civ.P. 15(a), 16(b)). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)

Santander filed its Complaint on Oct. 18, 2022, and APOW filed its Amended Answer on Nov. 19, 2022. *See* Sokolof Dec. ¶¶ 6, 8. On April 4, 2023, Santander learned that APOW had assigned its contract to YTR when Yonkers delivered its discovery responses to Santander's discovery demands. *See* Sokolof Dec. ¶ 9, Exhibit H. The news of this Assignment helped explain what was previously not understood regarding APOW's refusal to provide any information whatsoever about what transpired with respect to the Vehicle, despite some documents implicating APOW's involvement. The Assignment also explains why APOW's responses otherwise appeared evasive with respect to its relationship with Yonkers. *See* Sokolof Dec. ¶¶ 8-9, Exhibits G-H (wherein APOW denied that it tows motor vehicles at Yonkers' direction pursuant to a contract it has with Yonkers). Pursuant to the Court's Individual Rules of Practice, on April 18, 2023—just two weeks after learning of the Assignment—Santander requested a pre-motion conference to set a briefing schedule on its motion for leave to amend the Complaint. Thus, Santander has been diligent in seeking leave to amend the Complaint.

Santander contends that APOW does not actually lack knowledge of the seizure and towing of this Vehicle, particularly where it (apparently) shares an owner with YTR. Denying leave to amend will, in essence, effectuate what appears at face value to be a relatively obvious attempt by APOW to dodge liability through an apparent shell corporation, YTR. Even Yonkers, for its part, appears not to recognize a difference between APOW and YTR even after the Assignment, given that it still informed Santander that the Vehicle was at APOW and not YTR.

Harold Wustenhoefer also signed the Assignment on behalf of both YTR and APOW, additionally indicating that the YTR may be a mere alter ego of APOW. *See* Dec. ¶ 11, Exhibit J. Thus, while the name of the entity involved in the tow makes little difference to the constitutional issues involved, both companies should be defendants so the Court may adjudicate whether one, or both, are liable.

As described below, Defendants will not be prejudiced by the amendment, there has been no undue delay in its filing, and the amendment Santander seeks will not be futile. *See* Sokolof Dec. ¶¶ 14-15. Furthermore, as you can glean from the attached proposed First Amended Complaint, Santander intends to file essentially the same allegations with the sole change being that all the allegations attributable to APOW are now alleged against both APOW and YTR. *See* Sokolof Dec. ¶ 6, Exhibit F. Thus, under the liberal standard set forth in FRCP 15, Santander should be permitted to file a First Amended Complaint.

    A.    <u>Defendants will not be prejudiced</u>

In determining whether an amendment causes prejudice, the Second Circuit considers whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Agerbrink*, 155 F.Supp.3d at 454 (quoting *Monahan v. New York City Department of Corrections*, 214 F.2d 275, 284 (2d Cir. 2000)). "This 'inquiry involves a balancing process,' weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied." *Id.* (citing *Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000) (determining the non-moving party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted")).

The party that Plaintiff now seeks to add to the Complaint will not require Defendants to expend additional resources in discovery, delay the resolution of this action, or impair Defendants' ability to present their case. *See* Sokolof Dec. ¶ 15. The existing claims arise from the Defendants' regular policy or custom for handling seized motor vehicles. *See* Sokolof Dec. ¶ 6. Plaintiff seeks to assert the same claims against a new party, YTR, that has taken over the Contract between Yonkers and APOW. *See* Sokolof Dec. ¶¶ 6, 15, Exhibit F. Discovery has not been completed in the present matter and, although the addition of YTR will require further discovery and a brief extension of the discovery period, APOW provided very little substantive information, which presumably will instead be obtained from YTR.

Plaintiff, Yonkers, and APOW have served and responded to discovery demands, but no depositions have been taken. *See* Sokolof Dec. ¶¶ 14-15.  Given Santander's need to add YTR to the Complaint, the parties will need additional time to complete discovery. Nevertheless, Santander has already served APOW, YTR's possible alter ego, with discovery. Therefore, YTR—through APOW's owner, Mr. Wuestenhoefer—is already on notice that discovery would be forthcoming from YTR and should be able to comply with the accelerated discovery schedule proposed in Santander's letter motion dated May 12, 2023, Dkt. No. 40. Moreover, the addition of YTR will not expand the *scope* of discovery and will not change Defendants' discovery burden; the existing Defendants will have no additional burden other than to abide while discovery is taken from YTR.

Defendants' presentation of their case will also not be materially changed, and certainly not impaired. Moreover, the proposed amendments should be of no surprise to the Tow Companies, since APOW was in receipt of Santander's discovery demands on Feb. 24, 2023, which specifically targeted the Contract it had with Yonkers (which, in turn, led to the discovery

7

of the existence of YTR). *See* Sokolof Dec. ¶¶ 6, 9. Although APOW refused to produce the Contract, it was aware of Santander's request to Yonkers and should have anticipated Yonkers' production of same. Therefore, Defendants will not be prejudiced if the Court grants Santander leave to file a First Amended Complaint.

      B.    <u>There has been no undue delay</u>

There has been no undue delay in filing this amendment. The Second Circuit recognizes that "[m]ere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Agerbrink*, 155 F.Supp.3d at 452 (citing *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000). In this case, Santander did not learn of the Assignment whereby APOW assigned the Contract to YTR until April 4, 2023. *See* Sokolof Dec. ¶ 7.

      C.    <u>The amendment is not futile.</u>

To determine whether an amendment is futile, the Second Circuit applies the same standard of legal sufficiency applied under FRCP 12(b)(6). *Agerbrink*, 155 F.Supp.3d at 456. As such, an amendment will be deemed futile when the complaint, as amended, would fail to state a claim upon which relief can be granted. *Id*. To survive dismissal, the amendment must "plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). The court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor. *Id.* The amendment Santander seeks is not futile because it simply seeks make the allegations it previously made against APOW as against APOW or YTR. APOW chose not to file a motion to dismiss Santander's properly alleged claims and there is no indication that YTR will elect to file a motion to dismiss. For good measure, Santander will defend its claims herein in the event an existing Defendant argues the claims are futile.

Santander originally brought seven claims against APOW that it now seeks to bring against YTR. Counts I and II, for violation of civil rights pursuant to title 42 U.S.C. § 1983 for Yonkers' and the Tow Companies' deprivation of Santander's property, both for the unreasonable seizure of the Vehicle and the continued deprivation of the Vehicle, were not futile as alleged against APOW and will not be futile as alleged against YTR. In a case brought by Santander against Yonkers and APOW under similar circumstances,[1] *Santander Consumer USA, Inc. v. City of Yonkers* (hereinafter, "*Mensah*"), this Court held APOW liable for its actions when it acted under color of law[2] to seize and deprive interest holders—here, Santander—of their property without due

---

[1] Santander understands that Yonkers believes the difference between the prior case (relating to parking violations) and this case (relating to a seizure incident to arrest) is significant, but assumes Yonkers will recognize that Yonkers' defenses are not relevant to the question of amending to add YTR. The difference is not significant for the main claim in this case relating to due process. See, e.g. *HVT, Inc. v. Port Auth. of NY & NJ*, No. 15-cv-5867(MKB)(VMS), 2018 WL 3134414, at *6 & 11 (E.D.N.Y. Feb. 15, 2018), R&R Adopted, 2018 WL 1409821 (E.D.N.Y. Mar. 21, 2018) (assessing a seizure "incident [to] unlawful operation and the arrest of its vehicle," and holding that "at a minimum, that proper procedures include that the notice must be sent to titled owners, registered owners and record lienholders of the seized vehicles.").

[2] Courts frequently hold municipal towing and impound contractors liable for acting under color of law. *See, e.g. Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (private company "was performing the traditional governmental function of seizing and securing property for a criminal investigation"); *Huemmer v. Mayor & City Council of Ocean City*, 632 F.2d 371, 372 (4th Cir. 1980) (truck operator, who removed a vehicle pursuant to a municipal ordinance, was a state actor); *Stypmann v. City of San Francisco*, 557 F.2d 1338, 1341 (9th Cir.1977) ("[The government] makes the initial determination that a car will be towed. . . The towing company tows the vehicle only at the direction of the [government]. The [government] designates the garage to which the vehicle will be towed."); *W. Funding, Inc. v. S. Shore Towing, Inc.*, No. 19-cv-12853(FLW)(TJB), 2021 WL 1399798, at *8 (D.N.J. Apr. 14, 2021) (finding South Shore Towing liable because it acted in concert with government officials "without which the car never would have entered South Shore's possession"); *Bey v. Due*, No.19-cv-00239 (JDK), 2019 WL 5061183, at *3 (E.D. Tex. Sept. 18, 2019) ("[A] a private towing company may be considered a state actor for purposes of § 1983"); *Foster v. City of Philadelphia*, 2014 WL 5821278, at *22 (E.D. Pa. Nov. 10, 2014) ("[Towing company] is a state actor for § 1983 purposes by virtue of maintaining an ongoing salvor relationship and contract with. . . Philadelphia."); *Lee v. NNAMHS*, 2007 WL 2462616, at *3 (D. Nev. Aug. 28, 2007) (denying dismissal motion because "plaintiff's car was towed at the direction of a state officer and pursuant to laws enacted to further the state's interest maintaining an efficient traffic flow"); *Tedeschi v. Blackwood*, 410 F. Supp. 34, 41-42 (D. Conn. 1976) ("Meaningful participation by a state agent, pursuant to a state statute,

process of law. *See* No. 20-CV-4553 (KMK), 2022 WL 4134718, at *7-*9 (S.D.N.Y. Sept. 12, 2022), *appeal dismissed* (Dec. 1, 2022), *appeal dismissed*, No. 22-2635, 2023 WL 2125381 (2d Cir. Jan. 30, 2023) (holding that due process was not satisfied when defendants Yonkers and APOW—which acted under color of law pursuant to its contract with Yonkers—seized and withheld the subject vehicle without a warrant, notice, pre-deprivation hearing, or sufficient post-deprivation hearing).

Also in *Mensah*, this Court found claims asserting APOW violated the New York State Constitution—Count IV against YTR herein—were viable, although it ultimately held that this claim was duplicative of claims alleging that APOW violated civil rights pursuant to title 42 U.S.C. § 1983. *See Mensah*, 2022 WL 4134718 at *9; *see also* Sokolof Decl. Exhibit F at ¶¶ 83-84. Thus, Santander's Counts I, II, and IV will not be futile as alleged against YTR. Sokolof Decl. Exhibit F at ¶¶ 50-71, 83-84.

Santander's Counts VI and VII, for replevin and conversion, are also not futile. This Court held in *Mensah* that APOW was liable for conversion when it refused to release the subject vehicle after Yonkers' original basis for its seizure and storage was removed. *See Mensah*, 2022 WL 4134718 at *10. Thus, Santander's claim for replevin is similarly not futile, as an action for replevin simply requires Santander to show legal title or a superior right of possession, which is also an element of conversion. *Reif v. Nagy*, 61 Misc. 3d 319, 323, 80 N.Y.S.3d 629, 632 (N.Y. Sup. Ct. 2018), *aff'd as modified*, 175 A.D.3d 107, 106 N.Y.S.3d 5 (2019) ("An action for replevin requires the plaintiff to show legal title or a superior right of possession . . . [r]elatedly, an action for conversion requires the plaintiff to prove that the property is in the unauthorized possession of

---

in the deprivation of a person's property by another private person unquestionably brings the entire transaction 'under color of state law.'").

another who acted to exclude the plaintiff's rights" (internal citations omitted)). Here, Santander has proof that it has a perfected lien on the Vehicle and that APOW refused to turn over the vehicle after Yonkers' basis for the Vehicle's seizure and storage was removed. *See* Sokolof Decl. ¶¶ 2-3, 5, Exhibits A-B, D. Thus, its Counts VI and VII will not be futile as alleged against YTR.

Santander's Count VIII for the Tow Companies' tortious interference with its contract with Turner requires that Santander plead that (1) it held a valid and enforceable contract with Turner; (2) YTR interfered with those business relations when it towed, stored, and refused to turn over the Vehicle; (3) YTR acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) YTR's acts injured Santander's relationship with Turner. *See Dardashtian v. Gitman*, No. 17 CIV. 4327 (LLS), 2017 WL 6398718, at *8 (S.D.N.Y. Nov. 28, 2017). Here, Santander and Turner entered into a retail installment contract which, despite knowledge of same, YTR (and/or APOW) improperly refused to return the vehicle which injured Santander's relationship with Turner. *See* Sokolof Decl. ¶¶ 2-3, 5, Exhibits A-B, D; *see also* Sokolof Decl. Exhibit F at ¶¶ 103-05. Thus, Santander has a colorable claim against YTR for tortious interference.

Santander's Count IX against YTR for a violation of New York State General Obligations Law 349 ("GBL 349") is also sufficiently pled. GBL 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Miller v. Sanofi Consumer Healthcare*, No. 22 CIV. 574 (LLS), 2023 WL 112553, at *1 (S.D.N.Y. Jan. 5, 2023) (internal citations and quotations omitted). To successfully assert a claim, Santander must show that YTR engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) Santander suffered injury as a result of the allegedly deceptive act or practice. Here, Santander alleges that, while operating a consumer-oriented business, YTR: "a) imposed exaggerated and/or unwarranted storage fees relating to its handling of the subject

11

vehicle; b) misrepresented that it had a garageman's lien when APOW did not follow the procedures needed to have a lien; c) misrepresented that a police release and hold harmless agreement were needed in order to redeem and recover the vehicle; d) detained The Subject Vehicle to force payment of its unwarranted fees." *See* Sokolof Decl. Exhibit F at ¶ 117; see also Sokolof Decl. ¶ 5, Exhibit D (APOW and/or YTR refused to release the Vehicle unless Santander paid $7,700 and provided a hold harmless agreement).

Assuming the truth of the facts alleged in the PAC, many of which have already been proven via the fruits of discovery, there are sufficient factual allegations for Santander's claims against YTR to withstand a Rule 12(b)(6) motion, and thus the amendment is not futile.

## CONCLUSION

For the foregoing reasons, Santander respectfully requests that this Court enter an Order granting Plaintiff leave to serve and file the proposed amended complaint, naming Yonkers Towing & Recovery LLC as an additional defendant.

Dated: New York, New York
       May 12, 2023

**NORRIS, McLAUGHLIN, P.A.**

By: */s/ Alexander Ryan Sokolof*
Alexander Ryan Sokolof, Esq.
7 Times Square, 21st Floor
New York, New York 10036
Phone: (212) 808-0700
Facsimile: (212) 808-0844
arsokolof@norris-law.com
*Attorneys for Plaintiff*