PAUL W. MEYER, JR., Esq. (PWM-0270)
Attorney for Defendants,
A.P.O.W. TOWING LLC and
YONKERS TOWING & RECOVERY LLC
35 East Grassy Sprain Road - Suite 500
Yonkers, New York 10710
Phone: (914) 961-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SANTANDER CONSUMER USA, INC.,          :

                    Plaintiff,          :          Civil Case No.:  7:22-cv-08870-(KMK)

         -v-                            :

THE CITY OF YONKERS,                    :
A.P.O.W. TOWING LLC and
YONKERS TOWING & RECOVERY LLC,  :

                    Defendants.          :

-----------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF REQUEST FOR SUMMARY JUDGMENT**


Defendants, A.P.O.W. TOWING LLC and YONKERS TOWING & RECOVERY LLC,

submit the following Memorandum of Law in support to their request for an award of

Summary Judgment in their favor.

## **TABLE OF CONTENTS**

Page No.:

TABLE OF AUTHORITIES.............................................................   ii

FACTS....................................................................................   1

ISSUES..................................................................................   1

ARGUMENT

     POINT 1.............................................................................   2

DEFENDANTS ENTITLED TO AWARD
OF SUMMARY JUDGMENT


     POINT II............................................................................   8


PLAINTIFF'S ASSERTION OF MONETARY DAMAGES
IS UNSUPPORTED BY THE FACTS


CONCLUSION.......................................................................   11

# TABLE OF AUTHORITIES

## Federal Cases:                                                      Page:

Andersen v. Liberty Lobby, Inc., 477 U.S. 242 (1986)...................................   3

APL Co. PTE v. Blue Water Shipping U.S. Inc.,
592 F.3d 108 (2nd Cir. 2010...............................................................   9

Arizona v. Gant, 556 U.S. 332 (2009)...........................................   4,5

Bill Johnson's Restaurants, Inc. v. N.L.R.B.U, 461 U.S. 731 (1983).............   3

Celolex  Corp. v. Catrett, 477 U.S. 317 (1986)...............................................   2

Chimel v. California, 395 U.S.A. 752 (1969)....................................   4

Colorado v. Bertine, 479 U.S. 367 (1987).......................................   5

Cottle v. Storer Comm. Inc., 849 F.2d 570 (11th Cir. 1988)............................   3

Florida v. Wells, 495 U.S. 1 (1990).................................................   5

Golodetz Exp. Corp. v. S/S Lake Anja, 751 F.2d 1103 (2nd Cir. 1985)...........   9

In re: Residential Capital, LLC,
553 B.R. 379 (Bankr., S.D.N.Y., 2015)..............................................   9

Maryland v. Dyson, 527 U.S. 465 (1999)........................................   5

New York v. Belton, 453 U.S. 454 (1981)........................................   4,5

Schonfield v. HIliard, 218 F.3d 164 (2d Cir., 2000)..........................................   9

Toyota Lease Trust v. City of Yonkers,
7:19-cv-03199 (S.D.N.Y. May 15, 2020)..............................................   7,8

Weeks v. United States, 232 U.S. 383 (1914).................................................   4

**State Cases:**

People v. Padilla, 21 N.Y.3d 268 (2013)............................................................   5

People v. Walker, 20 N.Y.3d 122 (2012)............................................................   6

# **Federal Rules**:

Federal Rule of Civil Procedure 56(c)............................................................   2,3

## A. **FACTS**

The operator of the motor vehicle which is the subject matter of the within action was arrested for the offense of driving while intoxicated (see **ECF Doc. #80**, Attachment #8). By virtue of said arrest, the vehicle was impounded by the Police Department of the City of Yonkers.  Subsequent to said impound, both the Defendant, City of Yonkers ("Yonkers") and the Defendant, Yonkers Towing & Recovery LLC ("YTR"), served notices upon the Plaintiff as to the seizure/impound of the vehicle (see **ECF Doc. #80**, Attachments #11, 13, 51 and **Attachments #2 and #3** to the **ECF Doc. #89**).  Defendants said notices of impound having been provided, Plaintiff, as lien holder on the subject motor vehicle, did not attempt to retrieve the particular motor vehicle.  Same was deemed abandoned by Yonkers and sold by YTR to recoup its losses/expenses.

The facts of the matter as presented by the parties establish that no issues of material fact exist which preclude the granting of Summary Judgment in favor of the Defendants herein.  The said facts established that the subject vehicle was properly and legally seized pursuant to an arrest, and that Plaintiff intentionally refused to retrieve the motor vehicle from Defendant, YTR, despite a number of attempts by said Defendant to relieve itself of possession of said vehicle.  The facts also establish that in lieu of mitigating its damages, Plaintiff utilized the subject matter as a "vehicle" to further punish the Defendant, City of Yonkers, and further extract legal fees for same.

## B. **Issues**

The issues discussed herein are whether the granting of Summary Judgment in favor of the Defendants and against the Plaintiff should be had as sought by said Defendants.

## POINT I

## DEFENDANTS ENTITLED TO AWARD
## OF SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), Summary Judgment is "proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c)

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the parties have properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the movant. Anderson, 477 U.S. at 254; Cottle v. Storer Communications, Inc., 849 F.2d 570, 575 (11th Cir. 1988).

A.    **Warranties Seizure/Impound of Subject Vehicle is Constitutional**

It is undisputed between the parties to this action that the operator of the motor vehicle which is the *Res* of the instant action was arrested by virtue of his intoxication as observed by the City of Yonkers Police Department. Plaintiff's contention that the vehicle used by said operator at said time was improperly seized by the Police in that no warrant for said seizure existed is without merit.

One of the exceptions to the 4th Amendment's warrant requirement is a search or seizure incident to a lawful arrest. see, e.g., Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 344 (1914); Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040 (1969).

In New York v. Belton, 453 U.S. 454, 460-61, 101 S.Ct. 2860, 2864 (1981), the Court applied Chimel to situation where the arrested person was the occupant of a motor vehicle, and held that:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, seize and search the passenger compartment of that automobile.

In Arizona v. Gant, 556 U.S. 332, 349, 129 S.Ct. 1710, 1722-23 (2009), the Supreme Court concluded that a broad reading of Belton had resulted in countless unconstitutional searches in the 28 years since Belton was decided. In this regard, the Court stated that:

> Construing Belton broadly to allow vehicle searches incident to any arrest would serve no purpose except to provide a police entitlement, and it is anathema to the Fourth Amendment to permit a warrantless search on that basis.

-4-

In assessing <u>Gant's</u> applicability to DWI cases, two issues arose.  First, whether courts created a "DWI exception" to <u>Gant</u>, concluding that it is always reasonable to believe that relevant evidence (e.g., open containers of alcohol) might be found in the vehicle of a person arrested for DWI?  Second, if such a search-incident-to-arrest is permissible, will its scope be limited to locations where it is likely that relevant evidence might be found; or rather will a full-blown <u>Belton</u> search of every container in the vehicle be authorized?

Regardless, an important aspect of <u>Gant</u> is the Court's comment that even where a search-incident-to-arrest would be improper, a warrantless vehicle seizure and search can nonetheless be conducted where "another exception to the warrant requirement applies." In DWI cases, such a seizure and search can generally be conducted pursuant to the "inventory search" exception to the warrant requirement.  <u>See</u>, <u>e.g.</u>, <u>Florida v. Wells</u>, 495 U.S. 1, 110 S.Ct. 1632 (1990); <u>Colorado v. Bertine</u>, 479 U.S. 367, 107 S.Ct. 738 (1987). <u>See also Maryland v. Dyson</u>, 527 U.S. 465, 119 S.Ct. 2013 (1999) (discussing the "automobile exception" to the warrant requirement.

In <u>People v. Padilla</u>, 21 N.Y.3d 268, 272-73, 970 N.Y.S. 2d 486, 488-89 (2013), the Court of Appeals held that following a lawful arrest of a driver of a vehicle that is seized, the police may conduct an inventory search of the vehicle.

In <u>People v. Walker</u>, 20 N.Y.3d 122, 124, 957 N.Y.S.2d 272, 273 (2012), the Court of Appeals sanctioned the seizure of the subject vehicle and held:

> Having decided to arrest defendant for driving with a revoked license, a police officer also decided to impound the car he was driving. The officer did not inquire whether defendant's passenger, who was not the registered owner of the car, was licensed and authorized to drive it. We hold that such an inquiry was not constitutionally required. We also hold that the officer's search of the car after he decided to impound it was a valid inventory search.

In so doing, the Court reasoned as follows:

> When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to "reasonable police regulations relating to inventory procedures administered in good faith." Here, the trooper testified that it is state police procedure to "tow the vehicle" if the operator's license "is either suspended or revoked" and the registered owner is not present. We hold this to be a reasonable procedure, at least as applied to this case, where no facts were brought to the trooper's attention to show that impounding would be unnecessary.

By virtue of the above, the warrantless search of an impounded motor vehicle after a valid arrest is proper. Similarly, said decisions provide that no warrant is needed to impound said vehicle. In the matter at bar, the operator of the subject vehicle was arrested for DWI and no one was available on his part to remove the vehicle. Hence, it was reasonably and properly impounded. In that no warrant was needed to seize the car, the argument by Plaintiff as to the necessity of a warrant and prior notice to Plaintiff is completely without merit.

-6-

**B.**      **The Absence of Genuine Issues Of Material Fact Require the Granting of Summary Judgment in Favor of Movants**

Contrary to its contentions and assertions, Plaintiff has failed to exhibit that no material question of fact exists which justify the awarding of partial Summary Judgment as it demanded.  The submission made by the Defendant, YTR, clearly and unequivocally establishes that Plaintiff had notice of the impound of the subject vehicle, that Plaintiff was contacted on many occasions by said Defendant to arrange for the recovery of said subject vehicle, that all attempts to have Plaintiff to retrieve the vehicle were futile, and that the submission by Plaintiff's Sr. Legal Services employee, i.e. E. Vargas, was without merit. Said employee had/has no personal knowledge of the facts, merely recited that which was put into a computer by unknown persons, and testified at his deposition that Plaintiff's business records were not accurate.   That Defendant, YTR, established through its submissions, that it made numerous attempts to return the vehicle to Plaintiff.   Said attempts were by way of  correspondence to Plaintiff, which were in fact received, several communications with Plaintiff's attorney i.e. Rudy Merola, and emails to said attorney which are attached to Defendants' **Exhibits #2** and **#3** to the Opposition to Plaintiff's motion (see **ECF Doc. #89**).

That Plaintiff herein contends that Defendants violated the law and violated Plaintiff's rights with the initial seizure of the subject vehicle.  The facts of the matter clearly contradict same. As set forth aforestated, the seizure/impound was legal.  The claim that this action is predicated upon the determination of the Court in the matter of <u>Toyota Lease Trust v. City of Yonkers</u>, 7:19-cv-03199 (S.D.N.Y., May 15, 2020) that the "boot & tow" policy of said municipality was illegal, is without merit and without relevance hereto.

**POINT II**

**PLAINTIFF'S ASSERTION OF ENTITLEMENT TO MONETARY
DAMAGES IS UNSUPPORTED BY THE FACTS**

In this action, Plaintiff claims that it is entitled to damages of the "high auction value" of the subject vehicle in excess of $33,000.00 (see Vargas Declaration as part of **ECF Doc. #80**).  Contrary to said assertions, the Wuestenhoefer Affidavit and his Deposition establish, without contravention, that the vehicle was not in good condition and had damage upon it. As such, a material question of fact existed as to the value of said vehicle and to the amount of damages, to which Plaintiff is entitled to, and, if at all.  However, as set forth herein, Plaintiff is entitled to no damages.

**A)**    **Plaintiff's Failure to Mitigate Its Damages Precludes Recovery For Plaintiff**

No question of fact also exists as to Plaintiff's alleged entitlement to damages.  As set forth in and by the submission of Defendant, YTR, Plaintiff had the opportunity to retrieve the subject motor vehicle at many stages of the litigation, and even prior thereto. In his Affidavit, and during his deposition, Harold Wuestenhoefer stated that Plaintiff never sought to retrieve the vehicle despite repeatedly asking what was owed to YTR, and refused all attempts by said Defendant to return the vehicle to Plaintiff.  That Plaintiff's "need" to punish the Defendant, City of Yonkers, for its purported failure to speedily comply with the dictates of the Order issued in the Toyota matter, does not justify Plaintiff's repeated attempt to receive attorneys fees.

-8-

Plaintiff herein seeks damages by virtue of the breach of the contract with the owner of the subject vehicle. Whether it be a claim against said owner, or against the Defendants herein, Plaintiff is obligated to mitigate its damages.

The bedrock principle of damages, as well as contract damages, is that "a party injured by a breach is entitled to recover damages that are the natural and probable consequence of the breach." APL Co. PTE v. Blue Water Shipping U.S. Inc., 592 F.3d 108, 111 (2d Cir. 2010). The two basic categories of damages are general damages and consequential damages. Schonfeld v. Hilliard, 218 F.3d 164, 175 (2d Cir. 2000). The Plaintiff has the burden of proving with a "reasonable degree of certainty" that its damages were caused by the breach/acts of the Defendant. In re: Residential Capital, LLC, 533 B.R. 379, 407 (Bankr. S.D.N.Y. 2015).

A plaintiff also must make a reasonable effort to mitigate its damages. See M. Golodetz Exp. Corp. v. S/S Lake Anja, 751 F.2d 1103, 1112 (2nd Cir. 1985). If a Plaintiff fails to make a reasonable effort to mitigate, damages will be reduced by the amount that would have resulted from such effort. The mitigation efforts do not, however, need to succeed. Whether the Plaintiff's efforts were reasonable depends on the facts.

In the matter at bar, Defendant, YTR, has established, and without contravention, that Plaintiff always negotiates the amount of money due it as to the retrieval of impounded vehicles. As set forth in and by said Defendant's submission, Plaintiff intentionally breached and refused to address the recovery of the subject vehicle. In and by his deposition, Plaintiff's witness, i.e. E. Vargas, stated that the phone numbers provided to its agent for

-9-

the local District Attorney to obtain a purported release for the subject vehicle were not operational.  (see **Exhibit 4** attached to <u>**ECF Doc. #89**</u>).  In that Plaintiff's recovery agent, i.e. "PAR", always handles Plaintiff's vehicle recoveries (see **Exhibit 4** to <u>**ECF Doc. #89**</u>) said entity clearly knew to contact the tow company if all other avenues were "impossible". Furthermore, to believe that said entity could not ascertain a valid phone number for a District Attorney's office is mind-boggling.  Same would have been the reasonable thing to do.  As such, the facts established that Plaintiff's damages were not caused by Defendants, but rather by Plaintiff's conduct in refusing to timely and properly retrieve the subject vehicle.   While Plaintiff cannot obtain partial Summary Judgment as to the amount of damages properly sustained in that a question of fact exists as to same on its part, it is not entitled to Summary Judgment, partially or in full, at all by reason of the fact that it caused its own damages due to the desire to utilize the subject *RES* solely to "punish"  the Defendant, City of Yonkers, and seek attorneys fees, rather than  eliminate the "need" for the action vis-a-vis a speedy recovery of the subject vehicle.

Instead, the facts have dictated that Summary Judgment be awarded in favor of the Defendants.  The legitimacy of the seizure of the subject vehicle, coupled with Plaintiff's failure to mitigate its damages, should not result in a windfall to or for Plaintiff.

## CONCLUSION

The Defendants, A.P.O.W. TOWING LLC and YONKERS TOWING & RECOVERY LLC, submit that no further citation of authority is necessary and that the granting of Summary Judgment in their favor should be granted.  The unequivocal facts establish that Plaintiff has sustained no damage due to the actions of the Defendants, and that it cannot prove the existence of any damage as a result of said actions on the part of Defendants. Defendants, therefore, request that the Court grant Summary Judgment in their favor and dismiss the action in its entirety.

Dated:   Yonkers, New York
         May ___23___, 2024

Respectfully Submitted,

_____
PAUL W. MEYER, JR.  (PWM-0270)
Attorney for Defendants
A.P.O.W. TOWING LLC and
YONKERS TOWING & RECOVERY LLC
35 East Grassy Sprain Road - Suite 500
Yonkers, New York 10710