UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.:  7:22-cv-08870-KMK

SANTANDER CONSUMER USA, INC.,

Plaintiff,

-against-

THE CITY OF YONKERS, A.P.O.W. TOWING, LLC,
and YONKERS TOWING & RECOVERY, LLC,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE CITY'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**HARRIS BEACH PLLC**
Darius P. Chafizadeh
*Attorneys for Defendant City of Yonkers*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
(914) 683-1200

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ............................................................................................................... 1

    I.     Santander's Fourth Amendment Claim for Unlawful Seizure Fails ............................. 1

    II.    Santander's Fourteenth Amendment Claim for Due Process Violation Fails ............... 3

    III.   Santander's Fifth Amendment Claim for Unlawful Taking Fails ................................. 5

    IV.   Santander Has No Claims Under the New York State Constitution .............................. 7

    V.    Santander Has No Claim for Declaratory Relief or Damages ....................................... 7

CONCLUSION ............................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acadia Tech., Inc. v. United States*,
    458 F.3d 1327 (Fed. Cir. 2006) ............................................................... 6

*AmeriSource Corp. v. United States*,
    525 F.3d 1149 (Fed. Cir. 2008) ............................................................... 6

*Bennis v. Michigan*,
    516 U.S. 442, 452 (1996)......................................................................... 6

*DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*,
    167 F.3d 784 (2d Cir. 1999) .................................................................... 4

*Dow Jones & Co. v. Harrods, Ltd.*,
    237 F. Supp 2d 394 (S.D.N.Y. 2002) ..................................................... 8

*Doyle v. U.S. Dep't of Homeland Sec.*,
    331 F. Supp. 3d 27 (S.D.N.Y. 2018) ...................................................... 8

*El Bey v. District of Columbia*,
    No. 17-CV-6203, 2018 WL 5777021 (MKB) (E.D.N.Y. Nov. 1, 2018)................................ 2, 4

*Ford Motor Credit v. N.Y.C. Police Dep't.*,
    503 F.3d 186 (2d. Cir. 2007) .................................................................. 4

*Francis v. Fiacco*,
    942 F.3d 126 (2d Cir. 2019) .................................................................... 3

*Garanti Finansal Kiralama A.S. v. Aqua Marine Trading Inc.*,
    697 F.3d 59 (2d. Cir. 2012) ..................................................................... 8

*Gosier v. Collins*,
    2024 WL 1016392, No. 6:23-cv-1485 (DNH/TWD) (N.D.N.Y. March 8, 2024)...................... 2

*Hershey v. Goldstein*,
    938 F. Supp 2d 491 (S.D.N.Y. 2013) ..................................................... 7

*Illinois v. Caballes*,
    543 U.S. 405 (2005)................................................................................ 1

*Jaegly v. Couch*,
    439 F. 3d 149 (2d Cir. 2006) .................................................................. 8

*Krimstock v. Kelly*,
   306 F.3d 40 (2d Cir. 2002) .......................................................................................... 3

*LaRouche v. Kezer*,
   20 F. 3d 68 (2d Cir. 1994) ........................................................................................... 9

*McMillan v. City of New York*,
   No. 03 CV 626 (SLT)(LB), 2009 US Dist LEXIS 7956 (E.D.N.Y. Feb. 4, 2009).................... 4

*Rodriguez v. United States*,
   575 U.S. 348 (2015).................................................................................................... 1

*Santander Consumer USA Inc., v. City of Yonkers*,
   20-CV-4553(KMK), 2022 WL 4134718 (S.D.N.Y. Dec. 1, 2022) ...................................... 1, 7

*South Dakota v. Opperman*,
   428 U.S. 364 (1976).................................................................................................... 2

*United States v. Colon*,
   No. 10-CR-498, 2011 WL 569874 (S.D.N.Y. Feb. 8, 2011).................................................. 3

*United States v. Jacobsen*,
   466 U.S. 109 (1984).................................................................................................... 2

*Walling v. Helmerich & Payne*, 323 U.S. 37 (1944) .................................................... 8

## PRELIMINARY STATEMENT

Defendant the City of Yonkers (the "Defendant" or the "City") submits this reply memorandum of law in further support of the City's cross-motion for summary judgment. The opposition submitted by Plaintiff Santander Consumer USA, Inc. (the "Plaintiff" or "Santander"), although replete with hyperbole, fails to address undisputed facts and law that are fatal to its claims. For the reasons that follow, the Court should grant summary judgment to the City on all claims asserted against it by Santander.

## ARGUMENT

### I.    Santander's Fourth Amendment Claim for Unlawful Seizure Fails

With respect to unlawful seizure under the Fourth Amendment, Santander finally concedes that the court may assume that the initial seizure of the vehicle was proper. Santander Opp. MOL, at p. 3 ("The court may assume that Yonkers is correct that it could remove the vehicle from the roadway as part of its community caretaking function."). Santander nevertheless argues that the City may have seized the vehicle for too long. Santander's claim fails.

Santander relies on inapposite cases where, for example, the police seized a car for longer than necessary so it could run a drug sniff test without justification or seized a car and then issued the driver a mere warning. *Id.* at p. 4 (citing *Illinois v. Caballes,* 543 U.S. 405 (2005) and *Rodriguez v. United States*, 575 U.S. 348 (2015)). Both cases hold that police may seize a vehicle to issue a traffic citation, but the manner in which they do so may found unreasonable if they hold the vehicle for longer than necessary to issue the citation. *Caballes*, 543 U.S. at 407-408; *Rodriguez*, 575 U.S. at 349-350. Neither the facts or holdings of *Caballes* or *Rodriguez* are

relevant or applicable to the issues at hand in this case, regarding whether a vehicle may be impounded by police after its driver is arrested for driving while intoxicated.

Santander's reliance on *United States v. Jacobsen*, 466 U.S. 109, 114 (1984) is similarly misplaced. There, the Court found that federal agents did not infringe (or at most, a *de minimus* infringement occurred) on constitutionally protected privacy interests when the agents conducted a drug search of a package in transit without a warrant. Here, however, the impoundment of the vehicle was reasonable because the vehicle operator was arrested for driving while intoxicated, which is a well-recognized exception to the warrant requirement. *See Gosier v. Collins*, 2024 WL 1016392 at *7, No. 6:23-cv-1485 (DNH/TWD) (N.D.N.Y. March 8, 2024) (holding that with arrests for while intoxicated "it is reasonable for police officers to impound the vehicle")

Indeed, Santander does not, because it cannot, overcome the litany of cases that uphold the seizure and impoundment of a vehicle where, like here, the driver is arrested for driving while intoxicated. As set forth in the City's initial memorandum of law, the towing and impoundment of a vehicle incident to an arrest for driving while intoxicated does *not* constitute a constitutional violation. *See, e.g., El Bey v. District of Columbia*, No. 17-CV-6203, 2018 WL 5777021 (MKB) (E.D.N.Y. Nov. 1, 2018) ("When a person is taken into custody after being stopped in his vehicle, it is reasonable for police officers to impound the vehicle under the community care functions where, among other things, the vehicle would otherwise potentially impede traffic, threaten public safety, or be subject to vandalism."). Here, the vehicle was removed from the road and impounded in the interests of public safety under the "community caretaking function." *See South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976) ("the authority of police to seize and remove from the street vehicles impeding traffic or threatening public safety and convenience is beyond challenge"); *see also*, *United States v. Colon*, No. 10-

CR-498, 2011 WL 569874, at *14 (S.D.N.Y. Feb. 8, 2011) ("[w]hen a person is taken into custody after being stopped in his vehicle, it is reasonable for police officers to impound the vehicle under the community care functions where, among other things, the vehicle would otherwise…threaten public safety….").

Perhaps most fundamentally, Santander's theory that the City wrongfully retained the vehicle for too long is wholly undermined by the fact that, as set forth in the section that follows, the City promptly and repeatedly notified Santander that it would release the vehicle to it. *See, e.g., Yonkers* SUF at ¶¶ 6-9, 15-16. Santander's failure to follow through and obtain the vehicle does not support any claim against the City for unlawful seizure or otherwise.

## II.    Santander's Fourteenth Amendment Claim for Due Process Violation Fails

Santander's opposition also fails to salvage its due process claim. Santander argues that a hearing should have been held to comport with due process. Santander Opp. MOL, at pp. 9-10. Santander is wrong. A hearing is required when the police seek to retain a vehicle during the pendency of underlying legal proceedings against the driver and refuse to return it, thereby requiring them to set forth and prove their justification for refusing. *See, e.g., Krimstock v. Kelly*, 306 F.3d 40, 44 (2d Cir. 2002). Here, however, Santander and the registered owner were repeatedly informed that the City did not seek to retain the vehicle. *See, e.g., Yonkers* SUF at ¶¶ 6-9, 15-16. Santander's repeated opportunities to obtain the vehicle, and failure to follow through, are fatal to its due process claim.

Indeed, the Second Circuit holds that "due process is flexible and calls for such procedural protections as the particular situation demands." *Francis v. Fiacco*, 942 F.3d 126, 142–43 (2d Cir. 2019). Thus, the Second Circuit has made clear that "[t]here is no rigid formula that determines the constitutional sufficiency of the process employed in connection with any

3

given deprivation of a protected interest." *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 791 (2d Cir. 1999). Indeed, "[t]o even plead a procedural due process violation, a plaintiff must "allege where and from whom he attempted to retrieve the [property] and what he did to attempt to retrieve [it]." *See McMillan v. City of New York*, No. 03 CV 626 (SLT)(LB), 2009 US Dist LEXIS 7956 (E.D.N.Y. Feb. 4, 2009); *see also Ford Motor Credit v. N.Y.C. Police Dep't.*, 503 F.3d 186, 192 (2d. Cir. 2007) (stating that delay in return of property may give rise to a claim only "if the claim holder is not in equal part responsible for the delay").

Here, Santander was afforded due process. Santander had prompt notice of the impoundment of the vehicle, as evidenced by its dealings with the co-defendant, Yonkers Towing & Recovery, LLC ("YTR"), and its retention of a repossession company, PAR North America. *See* City's Initial MOL, at pp. 7-9. The City agreed to return the vehicle and required only a District Attorney's release to obtain it, which comports with due process, and is, in fact, common practice. *See* Yonkers' Initial MOL, at p. 6; citing *El Bey v. District of Columbia,* No. 17-CV-6203, 2018 WL 5777021 (MKB) (E.D.N.Y. Nov. 1, 2018) (granting motion to dismiss claim alleging improper impoundment of motor vehicle after arrest and holding that such action is reasonable and did not violate due process). Santander's contention that the City failed to provide sufficient notice, even if true, would not overcome the critical fact that Santander was notified of the impoundment and simply failed to follow the appropriate procedures to retrieve the subject vehicle. *See, e.g., Yonkers* SUF at ¶¶ 6-9, 15-16.

The City's repeated offering to return the vehicle is fatal to Plaintiff's claims. *See* City's Initial MOL, at p. 7, citing *See McMillan v. City of New York,* No. 03 CV 626 (SLT)(LB)*,* 2009 US Dist LEXIS 7956 (E.D.N.Y. Feb. 4, 2009). As the court held in *McMillan*, courts are reluctant to find due process violations absent a showing that seized property was intentionally

withheld. *Id.* Moreover, a plaintiff cannot sustain a due process claim if he is informed of the process by which he may retrieve property even when there are possible mistakes made by the property holder. *Id.* That is because "[i]t is well established that mere negligence is insufficient as a matter of law to state a due process violation." *Id.*

Again, in this case, the City provided Santander with adequate—and repeated—notice. Santander's argument that City turned over the vehicle to co-defendant YTR "for thousands of dollars in exchange for possession of the Vehicle" is as untrue as it is irrelevant. Santander's Opp. MOL, at p. 14. Santander ignores the critical fact that City had no intention of retaining the vehicle. Despite repeated notifications as to the necessity of a District Attorney's release for the vehicle, Plaintiff simply failed to follow through to obtain the vehicle. *See, e.g., Yonkers* SUF at ¶¶ 6-9, 15-16.

In sum, Santander was provided with more than adequate notice of the impoundment of the vehicle and the minimal steps necessary to retrieve it. Santander's failure to retrieve the vehicle does not give rise to a due process claim against the City.

## III.    Santander's Fifth Amendment Claim for Unlawful Taking Fails

Santander's opposition also fails to sustain its claim for unlawful taking without just compensation. Santander has no credible response to well-settled case law that holds that just compensation claims arise only when a municipality takes property pursuant to eminent domain powers, which was not done here. Santander's only response is that the Court should disregard or narrowly construe those cases, despite their clear language. Santander Opp. MOL, at pp. 17-18. Moreover, Santander also fails to overcome the undisputed fact that there was no unlawful taking of the vehicle. Again, the City repeatedly sought to return the vehicle and Santander failed or refused to recover it.

Despite its unsupported contentions, Santander's claim for just compensation fails because the vehicle was not taken pursuant to any eminent domain proceeding or power and does not implicate the Fifth Amendment. City's Initial MOL, at pp. 9-10. Indeed, it is well-settled that a government's seizure of private property under a power other than that of eminent domain does not require compensation, nor does it implicate the Fifth Amendment. *See, e.g., Bennis v. Michigan*, 516 U.S. 442, 452 (1996) ("The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."); *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (government seizure of property as evidence in a criminal proceeding or as the suspected instrumentality in a crime does not constitute a taking for Fifth Amendment purposes); *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause.")

Here, the City needed to impound the vehicle because the operator was arrested for driving while intoxicated. Yonkers SUF, at ¶¶ 2-3. Further, the City clearly had an obligation to remove the vehicle from the roadway for public safety reasons given the arrest of its operator. *Id.* The vehicle, however, was not taken for *use* by the City. *Id.*

Again, after Plaintiff failed to respond to any notice provided by the City regarding the vehicle's impoundment, the vehicle was ultimately sold as abandoned by co-defendant YTR (approximately a year later). Yet, Plaintiff continues to baselessly argue that "the proceeds of the sale of the Vehicle could be used to pay for Yonkers's law enforcement activities." Santander's Opp. MOL, at p. 20. That claim is false because the City does not receive any proceeds from co-defendant YTR's sale of the vehicle. Regardless, this issue is irrelevant and

6

does not support a claim under the Fifth Amendment.  In sum, Plaintiff has no takings claim under the Fifth Amendment and is not entitled to any "just compensation."

## IV.    Santander Has No Claims Under the New York State Constitution

Santander offers a mere paragraph to argue that its New York State constitutional claims should not be dismissed as duplicative of its federal constitutional claims.  Santander's brief states, without citation or support, that the New York State Constitution is "more extensive" than the federal Constitution and "must be analyzed separately."  Santander Opp. MOL, at p. 20. Santander does not, because it cannot, support this statement because well-settled law holds that Santander's state claims must be dismissed as duplicative of its federal claims.

Indeed, "[d]istrict courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." *Hershey v. Goldstein*, 938 F. Supp 2d 491, 520 (S.D.N.Y. 2013), *accord Santander Consumer USA Inc., v. City of Yonkers*, 20-CV-4553(KMK), 2022 WL 4134718, at *9 (S.D.N.Y. Dec. 1, 2022).  Specifically, this Court has previously held in another action brought by Santander against the City, that Santander's state constitutional claims must be dismissed because "the theory of liability brought for those claims [was] duplicative of the theory of liability under the federal constitution." *Id.*  Despite Santander's unsupported contentions, it has no remedies under the New York State Constitution independent of its federal claims.

## V.    Santander Has No Claim for Declaratory Relief or Damages

Santander's claims for a declaration and damages both fail.  First, a declaration that the City must provide notice to lienholders has been rendered moot because the City's policy now requires such notice (which was provided in this case).  *Yonkers* SUF, at ¶ 18.  Thus, there is no present controversy between Santander and the City on this point.  Santander's opposition

provides inapposite authority outside of the declaratory judgment context where a claim for an injunction was not rendered moot when one party threatened future action adverse to the other. *See* Santander Opp. MOL, at p. 21, citing *Walling v. Helmerich & Payne*, 323 U.S. 37 (1944). That is not the case here.

Indeed, there is no actual controversy that exists between the City and Santander that warrants declaratory relief. "[A] court may properly render declaratory judgment (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp 2d 394, 432 (S.D.N.Y. 2002). The declaratory judgment remedy permits parties "to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Garanti Finansal Kiralama A.S. v. Aqua Marine Trading Inc.*, 697 F.3d 59, 66 (2d. Cir. 2012). "This does not confer a right on the parties to obtain a declaratory judgment, however; whether to award such relief remains within the discretion of the district court." *Doyle v. U.S. Dep't of Homeland Sec.*, 331 F. Supp. 3d 27, 66 (S.D.N.Y. 2018). The City's decision to require notice to lienholders means that there is no present controversy between it and Santander and there is nothing for the Court to declare on this point.

Further, Santander's claim for damages against the City fails because the City has not violated any of Santander's rights. *Jaegly v. Couch*, 439 F. 3d 149, 154 (2d Cir. 2006) (hold that a Section 1983 plaintiff is not entitled to damages absent a deprivation of constitutional rights). Should the issue of damages ultimately warrant consideration by this Court, Santander should only be allowed to recover, at most, the substantiated market value of the vehicle at the alleged time Santander's possessory interest was allegedly impeded, which is expressly denied.

Further, Plaintiff is not entitled to any attorney's fees. *LaRouche v. Kezer*, 20 F. 3d 68, 69 (2d Cir. 1994) (holding that a plaintiff is not entitled to attorney's fees unless it, among other things, proves that its constitutional rights have been deprived). If the Court were to determine that Santander's rights have been violated, which it should not do, the City respectfully requests that the Court strictly interpret any potential attorney's fees award. If such an award is ultimately granted by this Court, the City requests that the issue of potential attorney's fees be addressed in a separate application, after determination of the instant cross-motion and Plaintiff's underlying motion for partial summary judgment.

For all these reasons, the City's cross-motion for summary judgment should be granted (and Santander's motion for summary judgment should be denied).

<u>**CONCLUSION**</u>

For the foregoing reasons, the City respectfully requests that its cross-motion for summary judgment be granted (and Santander's motion for partial summary judgment be denied), together with such other and further relief granted to the City that this Court deems just and proper.

Dated: July 15, 2024
      White Plains, New York

Respectfully submitted,

**HARRIS BEACH PLLC**

By: *Darius P. Chafizadeh*
Darius P. Chafizadeh
*Attorneys for Defendant City of Yonkers*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
Telephone: (914) 683-1212
dchafizadeh@harrisbeach.com

9