UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTANDER CONSUMER USA, INC.,

*Plaintiff*,

v.

THE CITY OF YONKERS, A.P.O.W.
TOWING, LLC, *and* YONKERS TOWING &
RECOVERY LLC,

*Defendants*.

No. 22-CV-8870 (KMK)

ORDER & OPINION

Appearances:

Nicholas Andrew Duston, Esq.
Norris McLaughlin, PA
New York, NY
*Counsel for Plaintiff*

Darius Patrick Chafizadeh, Esq.
Jared Andrew Kasschau, Esq.
Jessica Molinares Kalpakis, Esq.
Harris Beach Murtha Cullina PLLC
White Plains, NY
*Counsel for Defendant The City of Yonkers*

Paul William Meyer, Esq.
Law Office of Paul W. Meyer, Jr.
Yonkers, NY
*Counsel for Defendants A.P.O.W. Towing, LLC, and Yonkers Towing & Recovery LLC*

KENNETH M. KARAS, United States District Judge:

Santander Consumer USA, Inc. ("Santander" or "Plaintiff") brings this Action under 42

U.S.C. § 1983 ("Section 1983") against The City of Yonkers ("Yonkers"), and A.P.O.W.

Towing, LLC, and Yonkers Towing & Recovery LLC (together, "YTR") (collectively,

"Defendants"). (*See generally* Am. Compl. (Dkt. No. 59).)  Before the Court is Santander's

Motion for Damages and Attorneys' Fees (the "Motion"). (*See* Not. of Mot. (Dkt. No. 109).)

For the reasons discussed below, the Motion is granted in part.

## I.  Background

The Court assumes the Parties' familiarity with the Action's factual and procedural

background, as laid out in its Opinion on Santander's Motion for Partial Summary Judgment.

*See Santander Consumer USA, Inc. v. City of Yonkers*, No. 22-CV-8870, 2024 WL 4817649, at

*1–3 (S.D.N.Y. Nov. 18, 2024).

On November 18, 2024, the Court granted partial summary judgment for Santander. *See*

*generally id.* On November 25, 2024, the Parties submitted a joint letter setting the value of the

vehicle at issue (the "Vehicle") at $22,000. (Dkt. No. 105.)  On December 6, 2024, the Court set

a briefing schedule. (Dkt. No. 106.)

On January 10, 2025, Santander filed the instant Motion. (*See* Not. of Mot.; Pl's Mem. in

Supp. ("Pl's Mem.") (Dkt. No. 110).)  On January 24, 2025, YTR and Yonkers filed their

Opposition papers. (*See* YTR Decl. in Opp. ("YTR Decl.") (Dkt. No. 113); Yonkers Mem. in

Opp. ("Yonkers Opp.") (Dkt. No. 114).)  On January 31, 2025, Santander replied. (*See* Pl's

Reply Mem. in Supp. ("Pl's Reply") (Dkt. No. 115).)

## II.  Discussion

Santander seeks compensatory damages, attorneys' fees, and costs.[1]  The Court addresses

each in turn.

### A.  Compensatory Damages and Prejudgment Interest

Santander argues that it is owed compensatory damages equal to the Vehicle's stipulated

value, $22,000, and prejudgment interest on the same from the date it was deprived of the

---

[1] Yonkers does not dispute the claimed $865.80 in costs. (Yonkers Opp. 1 n.1.)

Vehicle, $2,421.22, for a total of $24,421.22.  (Pl's Mem. 9–10.)  Yonkers only disputes the

prejudgment interest.  (Yonkers Opp. 22–23.)

        According to the Second Circuit,

> [i]n a suit to enforce a federal right, the question of whether or not to award
> prejudgment interest is ordinarily left to the discretion of the district court, which
> is to take into consideration[:]  (i) the need to fully compensate the wronged party
> for actual damages suffered, (ii) considerations of fairness and the relative equities
> of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such
> other general principles as are deemed relevant by the court.

*Stanbro v. Palou*, No. 19-CV-10857, 2023 WL 2058610, at *2 (S.D.N.Y. Feb. 16, 2023)

(quoting *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998)).

        For Santander to receive full compensation for its loss and in keeping with the remedial

purpose of Section 1983, the Court finds that it should receive prejudgment interest.  *See Jeanty*

*v. City of New York*, No. 18-CV-5920, 2021 WL 276553, at *8 (S.D.N.Y. Jan. 27, 2021) (noting

that an award of prejudgment interest is in keeping with Section 1983's remedial scheme "to

fully compensate individuals for harm suffered as a result of a constitutional violation[.]"

(quoting *Rao v. N.Y.C. Health & Hosps. Corp.*, 882 F. Supp. 321, 326 (S.D.N.Y. 1995))).  The

Court already has found that there was an unlawful taking of Santander's property interest in the

Vehicle in 2021.  *Santander*, 2024 WL 4817649, at *12–13.  Prejudgment interest from the time

of the Vehicle's taking serves to fully compensate Santander for its inability to utilize its

property.  *Cf. One Barberry Real Est. Holding, LLC v. Maturo*, No. 17-CV-985, 2024 WL

1831165, at *3 (D. Conn. Apr. 26, 2024) (finding that prejudgment interest was warranted

"because the entire damages award was discounted to its 2017 value," meaning that "[p]laintiffs

ha[d] not yet been compensated for the 'delay in the receipt of relief' for the time period between

2017 and 2023" (quoting *Rao*, 882 F. Supp. at 326 (S.D.N.Y. 1995))).  Yonkers argues that the

Parties stipulated to a total value of $22,000 and so should receive only that amount.  (Yonkers

Opp. 23.)  But Santander has the better argument here—the stipulation provides no language indicating that the $22,000 constitutes agreed-upon total compensation or that it forecloses an award of prejudgment interest.  (*See* Pl's Reply 11; Dkt. No. 105.)

Considerations of fairness and relative equities also weigh in favor of granting prejudgment interest.  Defendants "incurred [an] 'obligation to make [Santander] whole the instant that the injury occur[red,]'" so Santander "should not be penalized for the fact that [it] had to 'wait until after litigation has run its course before realizing a judgment.'"  *One Barberry Real Est. Holding*, 2024 WL 1831165, at *3 (quoting *McCrann v. U.S. Lines, Inc.*, 803 F.2d 771, 773 (2d Cir. 1986)).  Additionally, the interest here is not "unduly burdensome and punitive" to Defendants.  *Cf. Stanbro*, 2023 WL 2058610, at *2 (finding that plaintiff was not entitled to prejudgment interest on top of an award that was found by a jury to reasonably compensate plaintiff's loss).  The Court has considered Yonkers' argument with respect to YTR's causing "significant delay," (Yonkers Opp. 23), but does not find "that [any] [P]arty should be penalized for any delay in litigation and therefore delay in the receipt of judgment."  *One Barberry Real Est. Holding*, 2024 WL 1831165, at *5 n.7.  Further, Yonkers provides no caselaw in support of its argument that YTR's alleged delay should preclude any award of prejudgment interest.  (*See* Yonkers Opp. 23.)  This Action is only two-and-a-half years old, and the Court has seen no evidence of delay on the part of any Party, let alone unreasonable delay.  *See Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 635 (E.D.N.Y. 2020) (finding no undue delay that precluded prejudgment interest and noting that "the withholding of prejudgment interest based on delay is the exception, not the rule" (quoting *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988))).

Finally, Santander calculates prejudgment interest using the "average interest rate," which it derives from the annual rate of return on Treasury bills for 2021, 2022, and 2023.  (*See* Pl's Mem. 10.)  Other district courts regularly accept this type of calculation in determining prejudgment interest.  *See, e.g.*, *Sanderson v. Leg Apparel LLC*, No. 19-CV-8423, 2024 WL 898654, at *5 (S.D.N.Y. Mar. 1, 2024) ("[The prejudgment interest] rate is 'most commonly based on the average rate of return on one-year Treasury bills ('T-bills') for the relevant time period.'" (quoting *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 264 (S.D.N.Y. 2007))); *Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686, 2023 WL 5831129, at *3 (E.D.N.Y. Sept. 8, 2023) ("The prejudgment interest rate will be calculated by averaging the annual interest paid on a one-year United States Treasury bill during each of the past ten years.").  Accordingly, the Court finds that Santander's methodology for calculating prejudgment interest is acceptable and that its actual calculation is accurate.  (*See* Pl's Mem.11.)  Thus, Santander is owed compensatory damages in the amount of $22,000 and prejudgment interest in the amount of $2,241.22 for a total damages award of $24,421.22.

## B.  Attorneys' Fees

Under 42 U.S.C. § 1988, a district court is authorized to award the prevailing party in a civil rights lawsuit reasonable attorneys' fees and costs.  *See Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019); *Kirk v. N.Y. State Dep't of Educ.*, 644 F.3d 134, 137 (2d Cir. 2011) ("[P]laintiffs may be considered prevailing parties for attorney[s'] fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (first alteration in original) (citation omitted)).  "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."

*Santander Consumer USA, Inc. v. City of Yonkers*, No. 20-CV-4553, 2022 WL 4134718, at \*4

(S.D.N.Y. Sept. 12, 2022) (alteration in original) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d

154, 166 (2d Cir. 2011)); *accord Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

"To arrive at a lodestar calculation, '[t]he party seeking an award of fees should submit evidence

supporting the hours worked and rates claimed.'"  *Stokes v. MilkChocolateNYC LLC*, 681 F.

Supp. 3d 226, 244 (S.D.N.Y. 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff has submitted such evidence here, including a declaration from counsel and copies of

contemporaneous records of time expended by Plaintiff's counsel and staff.  (*See* Decl. of

Nicholas A. Duston ("Duston Decl."), Exs. 2–3. (Dkt. Nos. 111-2 to -3).)

    As an initial matter, Santander is clearly the prevailing party.[2]  The Court's task, then, is

to determine whether Santander's requested fees are reasonable.[3]  Notwithstanding the

---

[2] Yonkers asserts that, because Santander succeeded on only three out of five of its claims at summary judgment, a cut of 40% is warranted.  (*See* Yonkers Opp. 3–4.)  Yonkers discusses the argument in reference to whether Santander is the prevailing party, but this kind of argument is more properly directed at the Court's calculation of the lodestar.  Indeed, Yonkers does not technically contest that Santander was the prevailing party.  (*See id.*)  To be clear, Santander is clearly a prevailing party under Section 1988 because the Court ruled that Defendants violated Santander's Fifth and Fourteenth Amendment rights and issued declaratory judgment against Yonkers, which is substantially the relief that Santander sought in initiating this Action.  *Cf. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, No. 07-CV-6304, 2021 WL 1222159, at \*5 (S.D.N.Y. Mar. 31, 2021) (finding that plaintiffs were prevailing parties because the court had issued the injunctions that plaintiffs sought).  To the extent Yonkers' argument here is otherwise relevant, the Court will consider it when determining the degree of success obtained.

[3] In its opening brief, Santander calculates its total fees sought at $230,623.50.  (*See* Pl's Mem. 3.)  This comports with supporting documentation filed with its opening brief.  (*See* Duston Decl., Ex. 2 at 20.)  In its reply brief, Santander concedes that it duplicated four entries by Nicholas Duston in its initial submission, double counting 3.1 hours at a requested rate of $585, totaling $1,813.50.  (Pl's Reply 4 n.1.)  Santander explains the error as stemming from its practice "of having admins aid in billing recordation."  (*Id.*)  Santander then miscalculated this amount by one dollar, claiming in error that it had double counted $1,812.50.  (*Id.*)  Santander's adjusted, pre-reply brief request for attorneys' fees is, in fact, $228,810.  Santander also requests $11,332.50 in fees for work on its reply brief.  (Supplemental Declaration of Nicholas A. Duston

presumption that the lodestar figure represents a reasonable fee, the Court may adjust the fee to "exclude excessive, redundant[,] or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), to exclude time spent pursuing "a failed claim if it was unrelated to the plaintiff's successful claims," *Le-Blanc Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998) (quotation marks and citation omitted), and to account for "the results obtained," *Quaratino*, 166 F.3d at 425 (quotation marks and citation omitted).

### 1. Reasonable Rate

A reasonable hourly rate is based on the prevailing market rate for lawyers in the district in which the ruling court sits. *Stokes*, 681 F. Supp. 3d at 244 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (explaining that a reasonable hourly rate is one in line with rates "prevailing . . . in the community for similar services by lawyers of reasonably comparable skill, expertise[,] and reputation" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984))).[4] A "presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d

---

("Supp. Duston Decl."), Ex. 1 (Dkt. No. 115-2) at 2.) In sum, Santander's total requested fees are $240,142.50 ($228,810 + $11,332.50).

[4] The Court notes that it cites to relevant caselaw from the Southern and Eastern Districts of New York because it has found no substantial differences in the hourly rates between the two districts for civil rights cases in general and cases involving the automotive finance industry in particular. *See Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, No. 17-CV-8943, 2020 WL 7706783, at *4 n.4 (S.D.N.Y. Dec. 29, 2020) (noting that "[t]here is a substantial overlap between the prevailing rates in the Southern and Eastern Districts of New York" and considering "rates awarded in both the Southern and Eastern Districts of New York in assessing the reasonableness of [p]laintiffs' requested rates").

170, 174 (2d Cir. 2009) (citation and quotation marks omitted).  In resolving what a reasonable

client would pay, the Court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 n.3

(2d Cir. 2008) (citation omitted).  There is no need to make separate findings as to all factors so

long as each is considered.  *See E.F. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243, 2014 WL

1092847, at *3 (S.D.N.Y. Mar. 17, 2024) (citing *Lochren v. County of Suffolk*, 344 F. App'x 706,

709 (2d Cir. 2009)).

This Court has "recognized that 'the customary rate for experienced litigators ranges

from about $400 to $600 per hour' in civil rights actions."  *Stanbro*, 2024 WL 1214560, at *3

(quoting *Ekukpe v. Santiago*, No. 16-CV-5412, 2020 WL 1529259, at *3 (S.D.N.Y. Mar. 31,

2020)).  Because "[f]ee cases . . . are inherently backward-looking and cannot account for legal

market trends or economic conditions like inflation," *id.*, courts may increase rates awarded over

time "as 'hourly rates continue to increase,'" *id.* (quoting *Gulino v. Bd. of Educ. of City. Sch.

Dist. of City of N.Y.*, No. 96-CV-8414, 2021 WL 4463116, at *5 (S.D.N.Y. Sept. 28, 2021)).

Accordingly, the Court has noted that $700 per hour, while toward the high end of the range, "is

fully consistent with fee-shifting caselaw in 2024."  *Id.* at *4.  Santander requests the following

rates:  (1) $645 per hour for partner Rudolph J. Meola ("Meola"); (2) $585 per hour for partner

Nicholas A. Duston ("Duston"), (3) $435 per hour for mid-level associate Alexander R. Sokolof

("Sokolof"); and (4) $210 per hour for paralegal Jessica Deo Cunha ("Deo Cunha").  (*See* Pl's

Mem. 13.)  Yonkers believes these rates are unreasonable but provides no alternative rates and simply makes a plain request for a "90% reduction in the amount claimed in [Santander's] application."  (Yonkers Opp. 20–21.)  Meola has practiced law for over 30 years and has extensive experience handling disputes in the automotive finance industry.  (Decl. of Rudolph J. Meola (Dkt. No. 112) ¶ 2; *see also* Duston Decl. ¶ 9(a).)  Duston has practiced for thirteen years and "regularly represent[s] clients in civil rights litigation under [Section] 1983."  (Duston Decl. ¶ 9(b).)  Sokolof has practiced law for four years.  (*Id.* ¶ 9(c).)  Deo Cunha has 14 years' experience as a paralegal.  (*Id.* ¶ 9(d).)

In February 2024, a court in the Eastern District of New York awarded Meola $630 per hour, Duston $570 per hour, and Sokolof $425 per hour.  *Toyota Lease Tr. v. Village of Freeport,* No. 20-CV-2207, 2024 WL 639989, at *9 (E.D.N.Y. Feb. 15, 2024), *vacated on other grounds and remanded*, No. 24-488, 2025 WL 1135441 (2d Cir. Apr. 17, 2025).  This represented a modest increase over the rates Meola and Duston have been awarded in the preceding years.  *See, e.g.*, *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2023 WL 5441898, at *6 (E.D.N.Y. Aug. 22, 2023) (awarding Meola $630 per hour in September 2023), *report and recommendation adopted*, 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023); *Santander*, 2022 WL 4134718, at *1 (awarding Meola $600 per hour and Duston $550 per hour in September 2022).  Accordingly, the Court finds that the requested rates of $645 and $585 for Meola and Duston, respectively, are reasonable, considering each's experience, past awards, and inflation.

As for Sokolof, courts regularly award associates with approximately four years' experience between $250 and $350 per hour.  *See, e.g., 32BJ N. Pension Fund v. Sedgwick & N. Halls Hous. Dev. Fund Co., Inc.*, No. 24-CV-3674, 2025 WL 37563, at *5 (S.D.N.Y. Jan. 6,

2025), *report and recommendation adopted sub nom. 32BJ N. Pension Fund & its Bd. of Trs. v. Sedgwick & N. Halls Hous. Dev. Fund Co., Inc.*, 2025 WL 935200 (S.D.N.Y. Mar. 27, 2025); *Ammann v. Sharestates, Inc.*, No. 21-CV-2766, 2025 WL 974574, at *8 (E.D.N.Y. Apr. 1, 2025) (awarding an associate with more than four years' experience an hourly rate of $315). Santander's requested rate appears to rely primarily on a February 2024 award of $425 for Sokolof, which was later vacated on other grounds.  (*See* Pl's Mem. 17 (citing *Toyota Lease Tr.*, 2024 WL 639989, at *9–10).)  There, the court found a blended rate of $425 to be reasonable for five associates with between three and eight years' experience.  *Toyota Lease Tr.*, 2024 WL 639989, at *10.  While such a blended rate may be reasonable for a team of associates with differing levels of experience, it is not reasonable for a fourth-year associate.  Accordingly, the Court finds that a rate of $325 per hour for Sokolof is reasonable.  *See Santander*, 2022 WL 4134718, at *4 (awarding $375 per hour for fifth-year associates in September 2022).

    In a declaration, Santander requests $200 per hour for paralegal Deo Cunha, (Duston Decl. ¶ 9(d)), but other supporting documentation requests $210 per hour, (*see, e.g.*, Duston Decl., Ex. 2 at 4).  The Court assumes that Santander requests $210, since that is the figure used to calculate the total fee request.  Santander cites caselaw supporting a paralegal hourly rate of up to $200, but not higher.  (*See* Pl's Mem. 17.)  *Cf. Toyota Lease Tr.*, 2024 WL 639989, at *10 (finding a requested paralegal hourly rate of $250 for Deo Cunha unreasonable).  Accordingly, considering the internal discrepancy in their papers and in the absence of more support provided by Santander, the Court finds that $200 per hour is a reasonable rate for Deo Cunha.  *See Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-CV-7962, 2025 WL 1183676, at *5 (S.D.N.Y. Apr. 4, 2025) ("There may well be evidence and data to support higher paralegal fees

in this District at the present time, but [Santander] has not provided any."), *report and recommendation adopted*, 2025 WL 1184012 (S.D.N.Y. Apr. 23, 2025).[5]

    2.  Reasonable Hours

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 253 (E.D.N.Y. 2020) (citation omitted).  In evaluating reasonableness, the Court "must examine the attorney's records that detail the time expended," *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 340 (S.D.N.Y. 2016) (citation omitted), considering "its own familiarity with the case and its experience generally," *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985).  And the Court may exclude claimed hours that it views as "excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir, 2022) (quoting *Hensley*, 461 U.S. at 434).

"The [C]ourt may also decrease the total award from the claimed amount because of 'vagueness, inconsistencies, and other deficiencies in the billing records.'" *Id.* at 87 (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)); *see also id.* (noting the Court can reduce time "spent on clerical tasks" but that such reductions are "not required" (quoting *Lilly*, 934 F.3d at 234)).  To make those reductions, "[a] district court is not obligated to undertake a

---

[5] Santander also requests $210 per hour for 1.9 hours of work by Charles Locascio, a paralegal.  (*See* Duston Decl., Ex. 2 at 8.)  None of Santander's materials, including briefs, declarations, and supporting documentation, provides further information on this individual. Given the complete absence of biographical information whatsoever, the Court will not award any fees in connection with this entry.  *See Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19-CV-2532, 2022 WL 2788655, at *9 (S.D.N.Y. July 15, 2022) (declining to "award any fees whatsoever to the Hang firm based on the reported work done by timekeepers as to whom no qualifications are reported"); *Agureyev v. H.K. Second Ave. Rest., Inc.*, No. 17-CV-7336, 2021 WL 847977, at *10 n.3 (S.D.N.Y. Mar. 5, 2021) (excluding from consideration entries for individuals for whom no description was provided).

line-by-line review of [the prevailing party's] extensive fee application." *Nikonov v. Flirt NY, Inc.*, No. 19-CV-7128, 2022 WL 1443429, at *3 (S.D.N.Y. May 6, 2022) (second alteration in original) (quoting *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014)). Instead, "the [C]ourt has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat . . . ." *Raja*, 43 F.4th at 87 (citation omitted).

Finally, "[t]here is no precise rule or formula for determining a proper attorney[s'] fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Stanbro*, 2024 WL 1214560, at *7 (quoting *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015)). At the end of the day, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

A district court "may award fees under [Section] 1988 even if the plaintiff is not victorious on every claim." *Raja*, 43 F.4th at 87. Indeed, "where the 'plaintiff has obtained excellent results,'" "a fully compensatory fee" is appropriate, *id.* (quoting *Hensley*, 461 U.S. at 435), because he "has corrected a violation of federal law and, in so doing, has vindicated Congress'[] statutory purposes," *id.* (quoting *Fox*, 563 U.S. at 834). In keeping with this understanding, the Second Circuit has noted that "the degree of success [or results] obtained" is the "'most critical factor' in computing an appropriate lodestar award." *Toyota Lease Tr. v. Village of Freeport*, No. 24-488, 2025 WL 1135441, at *3 (2d Cir. Apr. 17, 2025) (summary order) (quoting *Hensley*, 461 U.S. at 436). Yonkers argues that Santander's degree of success warrants a reduction in attorneys' fees. The question is not, as Yonkers argues, the number of claims on which Santander has succeeded, (Yonkers Opp. 3–4, 19–20), but rather the quantity and quality of relief obtained by Santander as compared to what it "sought to achieve as evidenced in the complaint[.]" *Toyota Lease Tr.*, 2025 WL 1135441, at *3 (quoting *Barfield v.*

*N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008)); *see also Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2024 WL 3730569, at *3 (S.D.N.Y. Aug. 6, 2024) ("A district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individuals claims." (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005)).  "[A] court may award attorneys' fees for unsuccessful claims that are 'inextricably intertwined,' or share 'a common core of facts' with successful theories." *Hammell v. Pilot Prods., Inc. Defined Benefit Pension Plan*, No. 21-CV-803, 2025 WL 71705, at *1 (E.D.N.Y. Jan. 10, 2025) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996)).  Santander argues that it has achieved "complete success on the core goal of the litigation"—"a ruling that Yonkers' vehicle impound policies violated Santander's constitutional rights."  (Pl's Reply 2.)  The Court agrees that by obtaining judgment that its Constitutional rights were violated and that Yonkers' vehicle impound policy is unconstitutional, Santander achieved complete success.  Santander's two unsuccessful claims at summary judgment, the Fourth Amendment and New York state constitution claims, are not severable from the successful Fifth and Fourteenth Amendment claims because, at bottom, all of Santander's claims concern the constitutionality of Yonkers' vehicle impound policy.  *Cf. Siegel v. Bloomberg L.P.*, No. 13-CV-1351, 2016 WL 1211849, at *9 (S.D.N.Y. Mar. 22, 2016) (where prevailing plaintiffs won the "most important issue" presented by their summary judgment motion, court declined to reduce their fee award due to the "denial of summary judgment on the other two issues" raised by the motion).  Accordingly, a reduction in hours on this basis is not warranted.

Yonkers argues that Santander's time entries are excessive, duplicative, and vague, and contain block billing.  (*See* Yonkers Opp. 10–12, 14–19.)  In general, an attorney is not required to "record in great detail how each minute of his time was expended."  *Cocuzza v. Rockland*

*County*, No. 17-CV-8217, 2019 WL 6498915, at *8 (S.D.N.Y. Nov. 7, 2019) (citation omitted),

*report and recommendation adopted*, 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019).  Vagueness

becomes a problem—and a basis for reduced fees—when entries "cannot be said to document

the hours claimed" or identify "the general subject matter" of the attorney's work.  *Id.* (citations

omitted); *see also Peerless Network, Inc. v. AT&T Corp.*, No. 15-CV-870, 2024 WL 20840, at *4

(S.D.N.Y. Jan. 2, 2024) (same).  Similarly, block billing is disfavored to the extent it "impedes

the client's ability to understand the precise time allocable to the tasks for which it is being billed

. . . ."  *Beastie Boys*, 112 F. Supp. 3d at 53 (collecting cases).  It is thus "most problematic where

large amounts of time (e.g., five hours or more) are block billed[.]"  *Id.* (citing *Abdell v. City of*

*New York*, No. 05-CV-8453, 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (finding block

billing unproblematic where it was "for temporally short entries combining related tasks")).

Here the Court finds multiple instances of block billing that merit a fee adjustment.  (*See, e.g.*,

Duston Decl., Ex. 2 at 4 (billing 6.7 hours for reviewing discovery request responses and

production and drafting deficiency letters and "discussions regarding same"); *id.* (billing 4.8

hours for research, "receiv[ing] and review[ing] response to deficiency letter," reviewing

discovery responses, "discussion regarding same," and motion drafting); *id.* 7 (billing 6.5 hours

for, inter alia, drafting certifications and briefs, conducting legal research, and "finaliz[ing]

factual description of source of allegedly altered document"); *id.* 9 (billing 4.5 hours for drafting

requests to admit, email communications, review of productions, and drafting 30(b)(6) notices);

*id.* 13 (billing 5.4 hours for reviewing local rules, emailing colleagues and opposing counsel, and

drafting letters to the Court); *id.* 18 (billing 4.8 hours for revising a brief, drafting a declaration,

finalizing exhibits, and conferring with a colleague); Supp. Duston Decl., Ex. 1 at 2 (billing 7.1

hours for, inter alia, reviewing opposing counsel's briefs, drafting a reply brief, and conferring

with co-counsel).)  *See Ivic v. Advance Stores Co.*, No. 19-CV-509, 2023 WL 6385706, at *4

(E.D.N.Y. Sept. 29, 2023) (applying a percentage reduction in the lodestar for block billing);

*Bozdogan v. 23 Ludlam Fuel, Inc.*, No. 16-CV-1053, 2022 WL 17987044, at *4 (E.D.N.Y. Dec.

29, 2022) (same).

      Yonkers also argues that Santander's counsel has been inefficient, resulting in excessive

fees.  (Yonkers Opp. 12.)  This category of problem encompasses "hours billed [that] are

disproportionate to the quantity or quality of the attorneys' work."  *Inga v. Nesama Food Corp.*,

No. 20-CV-909, 2021 WL 3624666, at *15 (S.D.N.Y. July 30, 2021) (quoting *Changxing Li v.

Kai Xiang Dong*, No. 15-CV-7554, 2017 WL 892611, at *21 (S.D.N.Y. Mar. 7, 2017)).  It also

incorporates concerns about "the extent of staffing that is appropriate for a given case."

*Nikonov*, 2022 WL 1443429, at *2 (quotation marks and citation omitted).  The Court's review

of Santander's materials, however, "does not reveal the type of excessive[, repetitive, or

inefficient] billing that would require the Court to adjust the hours claimed by counsel."  *Najera

v. Kurtishi*, No. 21-CV-1309, 2024 WL 180867, at *3 (S.D.N.Y. Jan. 17, 2024) (quoting

*Martinez Romero v. Lucky Fluke Corp.*, No. 16-CV-1915, 2018 WL 11216549, at *3 (S.D.N.Y.

Feb. 6, 2018)); *see also MSP Recovery Claims, Series LLC v. Hartford Fin. Servs. Grp., Inc.*,

No. 20-CV-305, 2021 WL 5563982, at *5 (D. Conn. Nov. 29, 2021) (noting that "a careful, line-

by-line review of . . . bills by th[e] court [did not] disclose any obvious problems of excess or

waste" (alterations adopted) (citation and quotation marks omitted)).  Accordingly, no reduction

in hours is warranted on this ground.

      However, the Court notes that Plaintiff's counsel has spent 28.4 hours on the instant

opening brief and 22.9 hours on the reply, for a total of 51.3 hours.  (*See* Duston Decl., Ex. 2 at

19–20; Supp. Duston Decl., Ex. 1.)  In awarding so-called "fees on fees," "[c]ourts have held that

up to thirty hours [may] be reasonably spent in preparing and defending [a] fee application."
*Torcivia*, 437 F. Supp. 3d at 257 (citing *Johnson v. City of New York*, No. 11-CV-6176, 2016
WL 590457, at *7 (E.D.N.Y. Feb. 11, 2016)); *see also Anderson v. County of Suffolk*, No. 09-
CV-1913, 2016 WL 1444594, at *9 (E.D.N.Y. Apr. 11, 2016) (holding 21.26 hours reasonable
for work on fee motion); *Stanbro*, 2024 WL 1214560, at *11 (holding 56.2 hours unreasonable
for work on fee motion).  Notably, "courts in this Circuit have not been uniform in their
allowance of 'fees on fees,'" *Commissions Imp. Exp. S.A. v. Republic of the Congo*, No. 19-CV-
195, 2021 WL 4991716, at *7 (S.D.N.Y. Oct. 27, 2021), with some courts declining to award
any such fees, *see, e.g., id.*; *Williams v. City of New York*, No. 16-CV-233, 2017 WL 1906899, at
*4 (S.D.N.Y. May 9, 2017).  The requested fees on fees hours are well beyond what courts
normally compensate, and Santander does not point to any special circumstances to justify the
hours expended on the instant Motion.  Accordingly, the Court finds that this supports a lodestar
reduction of 30% for requested fees on fees.  *See SA Luxury Expeditions, LLC v. Schleien*, No.
22-CV-3825, 2023 WL 8072914, at *4 (S.D.N.Y. Nov. 21, 2023) (finding that requested fees on
fees were excessive and applying a 50% reduction).

The remainder of Yonkers' arguments are unavailing.  Construing Yonkers' brief
generously, it appears to make an argument that the existence of a contingent fee arrangement
between Santander and its counsel militates in favor of awarding no fees at all.  (*See* Yonkers
Op. 7.)  Yonkers' argument flies directly in the face of Section 1988's purpose, which "is to
'enable civil rights plaintiffs to employ reasonably competent lawyers without cost to themselves
if they prevail.'"  *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990) (quoting *Venegas v.
Mitchell*, 495 U.S. 82, 86 (1990)).  The Supreme Court has stated that Section 1988 "does not
interfere with the enforceability of a contingent-fee contract," *Venegas*, 495 U.S. at 90, and

Yonkers offers no argument supporting the proposition that that the existence of a contingent-fee contract interferes with or precludes the award of attorneys' fees.  For that reason, and because the argument is made in passing, the Court declines to go further.

Yonkers also takes issue with fees for subpoenas to and communications with the Westchester County District Attorney's Office ("WCDAO"), because it was "Plaintiff's own conduct which caused Plaintiff's attorneys to incur these legal fees."  (*See* Yonkers Opp. 8.)  The Court has already held that Yonkers' vehicle impound policy fails to pass Constitutional muster, regardless of the procedure by which an individual could possibly recover their property by contacting the WCDAO.  *See Santander*, 2024 WL 4817649, at *10–11.  The Court finds that counsel's actions in this respect were not unreasonable and declines to exclude hours on this basis.  *See Cabala v. Morris*, No. 09-CV-651, 2012 WL 3656364, at *8 (D. Conn. Aug. 24, 2012) ("Where the strategy or work was not frivolous in the first instance, an attorney should be entitled to those fees as time reasonably spent pursuing the matter."), *aff'd sub nom. Cabala v. Crowley*, 736 F.3d 226 (2d Cir. 2013); *cf. Patterson v. Comm'r of Soc. Sec.*, No. 20-CV-4591, 2021 WL 4125013, at *2 (S.D.N.Y. Sept. 9, 2021) (noting that a district court "need not scrutinize each action taken or the time spent on it" when determining the reasonableness of requested fees (quoting *Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (alterations adopted))).

*     *     *

For the reasons discussed above, the Court will impose a 15% lodestar reduction.  *See McDonald ex rel. Prendergast*, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." (internal quotation marks omitted)).  The tables below summarize the Court's award.

Lodestar Calculation for Litigation

| Fee Earner | Rate | Hours | Lodestar |
|---|---|---|---|
| Rudolph Meola | $645 | 88.8 | $57,276 |
| Nicholas Duston | $585 | 137.8 | $80,613 |
| Alexander Sokolof | $325 | 175.4 | $57,005 |
| Jessica Deo Cunha | $200 | 2.8 | $560 |
| Charles Locascio | $200 | 0 | $0 |
| **Lodestar** | | **406.7** | **$195,454** |

Lodestar Calculation for Fee Motion Practice

| Fee Earner | Rate | Hours | Lodestar |
|---|---|---|---|
| Rudolph Meola | $645 | 2.2 | $1,419 |
| Nicholas Duston | $585 | 14.6 | $8,541 |
| Alexander Sokolof | $325 | 34.5 | $11,212.50 |
| **Lodestar** | | **51.3** | **$21,172.50** |

The litigation lodestar is reduced by 15% to $166,135.90. The fees on fees lodestar is reduced by 30% to $14,820.75. Accordingly, the total attorneys' fee award is $171,183.95.

Finally, Yonkers argues that it should not be required to pay fees associated with disputes between its co-defendant, A.P.O.W., and Santander. (*See* Yonkers Opp. 8 n.3; *id.* 11–12.) In response, Santander asserts that there is no law that supports the argument "that [Defendants] should not pay for the other Defendants' tomfoolery." (Pl's Reply 5.) The law has a different view: "The allocation of fee liability is a matter committed to the district court's discretion." *United States ex rel. Nichols v. Computer Scis. Corp.*, 499 F. Supp. 3d 32, 48 (S.D.N.Y. 2020) (quoting *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990), *abrogated on other grounds by Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001)). "In determining how to allocate attorneys' fees, 'district courts have appropriately considered a variety of factors . . . including the relative culpability of the parties . . . and the proportion of time spent litigating against each defendant.'" *Rai v. WB Imico Lexington Fee, LLC*, No. 09-CV-9586, 2017 WL 1215004, at *7 (S.D.N.Y. Mar. 31, 2017) (quoting *Koster*, 903 F.2d at 131).

The Court finds that it would be "a futile and wasteful task" to "balance the amount of responsibility rightfully placed" among Defendants. *Hernandez v. Goord*, No. 01-CV-9585, 2014 WL 4058662, at *14 (S.D.N.Y. Aug. 14, 2014) (quoting *Koster*, 903 F.2d at 139). To dive into the issue of apportionment would necessitate a mini-trial, which the Supreme Court has cautioned against. *See Fox*, 563 U.S. at 838 ("The determination of fees 'should not result in a second major litigation.'" (quoting *Hensley*, 461 U.S. at 437)). Accordingly, "[r]ather than undertake the exercise of examining nesting dolls of litigation," the Court finds Defendants jointly and severally liable and "declin[es] to apportion liability between them and allow[s] them to settle the issue among themselves.'" *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950, 2024 WL 3855990, at *7 (E.D.N.Y. Mar. 25, 2024) (quoting *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407, 2022 WL 17685501, at *9 n.3 (E.D.N.Y. July 7, 2022)), *aff'd*, 2024 WL 3855907 (E.D.N.Y. May 23, 2024).

### III.  Conclusion

For the reasons set forth above, the Motion is granted in part. Santander is entitled to attorneys' fees in the amount of $171,183.95, compensatory damages in the amount of $24,421.22, and costs in the amount of $865.80. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 109.

SO ORDERED.

Dated:    September 18, 2025
        White Plains, New York

                                              _____
                                              KENNETH M. KARAS
                                              United States District Judge